## 36203. THE STATE v. GRAHAM.

CLARKE, Justice.

This is a review of *Graham v. State,* 153 Ga. App. 658 (266 SE2d 316) (1980), on writ of certiorari. The writ was granted in order to consider whether a transcript of the voir dire is mandatory in all felony cases instead of death penalty cases only. The Court of Appeals determined that Code Ann. § 6-805 and Code Ann. § 27-2401 require reporting and transcribing the voir dire and also held that failure to provide a transcript in this case was reversible error.

Code Ann. § 6-805 (a) provides: "In all felony cases, the transcript of evidence and proceedings shall be reported and prepared as provided in Code section 27-2401, or as may hereafter be provided by law." Code Ann. § 27-2401 states: "On the trial of all felonies the presiding judge shall have the testimony taken down, and, when directed by the judge, the court reporter shall exactly and truly record, or take stenographic notes of, the testimony and proceedings in the case, except the argument of counsel."

Section 6-805 (d) goes further, and provides that in all civil or criminal cases which are reported by a court reporter, "all motions, colloquies, objections, rulings, all evidence — whether admitted or stricken on objection or otherwise — copies or summaries of all documentary evidence, the charge of the court, and all other proceedings which may be called in question on appeal or other post-trial procedure shall be reported, and where the report is transcribed, all such matter shall be included in the written transcript, ... Where matters occur which were not reported, such as

objections to oral argument, misconduct of the jury, or other like instances, the court, upon motion of either party, shall require that a transcript of these matters be made and included as a part of the record."

In this case, counsel for defendant objected to a response of a prospective juror and moved for a mistrial on the ground that the response placed the defendant's character in issue. The court reporter took down and transcribed the objection and motion as well as the court's ruling. The actual questions and answers objected to were not reported, and defense counsel made no motion at that time to include them in the record or to have them reconstructed for the record. On motion for new trial, defense counsel attempted to recreate the record by recollection of those present. This attempt was unsuccessful since the assistant district attorney and the trial judge were then unable to recall what had transpired several months earlier.

Under Code Ann. § 27-2401, the state has the duty to see that the transcript is prepared and filed, though there is no time limit on this duty. *State v. Hart,* 246 Ga. 212 (1980). The defendant contends that voir dire is included in the "proceedings" as set forth in § 27-2401 and therefore it was error for the state to provide an incomplete transcript. The Court of Appeals agreed and found the error to be harmful in this case.

We have not treated the issue of whether the entire voir dire must be reported and transcribed in all felony cases. We have held, however, that the Witherspoon voir dire must be made part of the record in cases in which the death penalty is imposed. *Owens v. State,* 233 Ga. 869 (214 SE2d 173) (1975). The holding in *Owens* is not based on the critical nature of the voir dire itself but rather on the unique character of death penalty cases. See Witherspoon v. Illinois, 391 U. S. 510 (88 SC 1770, 20 LE2d 776) (1968). The voir dire was held to be subject to review by the court because of the mandatory review duty imposed by Code Ann. § 27-2537. Furthermore, a system of unified appeals in death penalty cases was adopted by this court on August 25, 1980. This system requires the reporting of the voir dire in cases where the death penalty is sought. This does not, however, apply to or affect other criminal cases. We do not find that *Owens* requires the voir dire to be reported in all felony cases.

Prior to the adoption of the Appellate Practice Act, Ga. L. 1965, p. 18, the brief of evidence on appeal was controlled by Code Ann. § 70-305 which was repeated by the Act, Ga. L. 1965, pp. 18, 38. Under the old law, the transcript on appeal contained only the evidence and did not contain any objections, colloquies and various rulings of the court on matters arising during the trial. *Brown v. Clarke,* 211 Ga. 61

(84 SE2d 14) (1954); *Hester Bennett Lumber Co. v. Alexander,* 211 Ga. 402 (86 SE2d 222) (1955). The Appellate Practice Act, Code Ann. § 6-805, changed this procedure, to require that a record be made of objections and rulings of the court which may be raised on appeal. Code Ann. § 6-805 (d). Code Ann. § 27-2401 also uses the term "testimony and proceedings." We find the intent of the term "proceedings" is to refer to objections, rulings and other matters which occur during the course of the evidence as well as any post-trial procedures.

To raise an issue as to error in the conducting of the voir dire, objection must be made in the trial court to preserve the issue for appeal. See *White v. State,* 146 Ga. App. 810 (247 SE2d 536) (1978). Any objection or motion in the course of voir dire, and the court's ruling thereon must be reported under § 6-805 (d), as once the ruling of the court is made, it would be a matter which "may be called in question on appeal." Since the motion and ruling were reported and available in post-trial relief in this case, we find the duty of the state to provide a transcript under § 27-2401 has been complied with. If the defendant wished a more complete record of the questioning of the juror in issue, he should have made a motion at the time of his objection to have the questions and answers made a part of the record, since the party asserting error must show it by the record. *Kemp v. State,* 226 Ga. 506 (175 SE2d 869) (1970). Although § 6-805 (f) and (g) provide methods for later perfecting a transcript from recollection, the undesirability of that method is shown from this case, wherein counsel for both parties cannot stipulate as to what transpired, and the judge cannot recall the events either.

We reverse the judgment of the Court of Appeals in this case, insofar as it holds that the entire voir dire in a felony case must be reported and transcribed. The case is remanded to the Court of Appeals to consider the enumerations of error in light of this opinion.

*Judgment reversed and remanded. All the Justices concur.*

Argued June 2, 1980 — Decided September 16, 1980.

*H. Lamar Cole, District Attorney,* for appellant.

*Tony H. Hight, Charles J. Shean, III, W. Donald Thompson, District Attorney,* amicus curiae.

*Thomas H. Vann, Jr.,* for appellee.