A92A0396. MAPP v. THE STATE.
(420 SE2d 615)

BIRDSONG, Presiding Judge.
Police were called to the home of James Edward Mapp and his mother on a report to the effect that Mapp was drunk and disorderly. A scuffle ensued amongst appellant Mapp and the police. According to appellant, the trouble started when a police officer, who was appellant's former brother-in-law, gratuitously arrived at the scene and began to push appellant around. One officer sustained a broken nose during the scuffle but indicated he thought this was an accident. Appellant was arrested and indicted for felony obstruction and misdemeanor obstruction. At trial he was acquitted of obstruction as to the officer who is his former brother-in-law, but convicted of felony obstruction of the officer whose nose was broken and of obstruction of another officer.

The record shows appellant filed lawsuits in federal court against attorneys who were consecutively appointed to represent him, as well as against the trial judge. The suit against the trial judge was dismissed before trial of the case. The first appeal was remanded for a hearing as to appointment of appellate counsel. *Mapp v. State,* 199 Ga. App. 47 (403 SE2d 833). Thereupon, appellant's new counsel filed an extraordinary motion for new trial on grounds of ineffective assistance of trial counsel, which was heard and denied. *Held:*

1. Appellant complains that his former brother-in-law was allowed to testify before the grand jury, while appellant was not, thus unfairly bringing about an indictment which would not have resulted if appellant could have told his side of the story. OCGA § 45-11-4 provides that elected county officials charged with wrongdoing in performance of their duties "shall have the right to appear before the

grand jury to make such sworn statement as he shall desire at the conclusion of the presentation of the state's evidence." The constitutionality of OCGA § 45-11-4 has been upheld, on the reasoning that public officials, who are peculiarly subject to complaint as to performance of their duties, may appear before the grand jury in the interest of preventing indictment on frivolous accusations. *State v. Deason*, 259 Ga. 183 (378 SE2d 120). Appellant says this reasoning should not apply to police officers, because they are not likely to be subject to politically motivated accusations. This argument is beside the point. OCGA § 45-11-4 is not involved in this case because the police officer did not appear before the grand jury in connection with an accusation against himself; rather he appeared before the grand jury as a prosecution witness for the State; the criminal defendant had no right to appear. See *Harper v. State*, 131 Ga. 771 (63 SE 339); *United States v. Blodgett*, 35 Ga. 336. We find no merit in this enumeration.

2. Appellant contends the trial court, having granted appellant's motion for full recordation, erred in failing to have the voir dire and the recharge of the jury recorded.

It is the duty of the judge to direct the recordation of the trial proceedings in felony cases. OCGA § 17-8-5; *State v. Hart*, 246 Ga. 212 (271 SE2d 133). But where the transcript does not fully disclose what transpired at trial, it is the duty of the complaining party to have the record completed pursuant to OCGA § 5-6-41. *Ivory v. State*, 199 Ga. App. 283, 284 (405 SE2d 90). It has been held that the voir dire is required to be included in the transcript in death penalty cases, but not in other felony cases; in other felony cases, the appellant must show harmful error in the voir dire proceedings by objection and a ruling thereon. See *State v. Graham*, 246 Ga. 341, 342 (271 SE2d 627). According to *State v. Graham*, supra, the failure of the trial court to have the proceedings recorded does not require reversal as a matter of law. As to both the voir dire proceedings and recharge to the jury, we cannot determine that any harm was done by the failure to record those proceedings because appellant has not had the record completed by reconstruction, pursuant to OCGA § 5-6-41. To warrant reversal for the failure to record particular proceedings, "the party asserting error must show it by the record. *Kemp v. State*, 226 Ga. 506 (175 SE2d 869)." Id. at 343. Appellant has not suggested how he was harmed by the failure to record the voir dire and recharge, and thus has shown no grounds for reversal.

3. It was not reversible error per se that the trial court refused to provide appellant with a transcript of his probation revocation hearing. *Harper v. State*, 170 Ga. App. 601, 603 (4) (317 SE2d 567). Appellant has the duty to show not only error, but harm. " ' " 'When [an appellant] brings a case here, he must show error which has hurt him. This court is not an expounder of theoretical law, but it administers

practical law, and corrects only such errors as have practically wronged the complaining party.' . . ."' *Robinson v. State*, 229 Ga. 14, 15 (189 SE2d 53)." *Stamey v. State*, 194 Ga. App. 305, 309 (390 SE2d 409). Appellant having shown no harm occasioned by the trial court's failure to provide him a transcript of the probation revocation hearing, we will not reverse the conviction.

4. Appellant contends the trial judge erred in refusing to recuse himself, and in failing to refer the matter to an appropriate forum, inasmuch as appellant had sued the judge in connection with this prosecution. OCGA § 15-1-8 sets forth the particular circumstances in which a judge shall be recused. None of these circumstances applies in this case. The grounds for recusal in § 15-1-8 are exclusive and exhaustive, and courts may not add other grounds of disqualification to those stated in the statute. *Daniel v. Yow*, 226 Ga. 544 (176 SE2d 67); *Blakeman v. Harwell*, 198 Ga. 165 (31 SE2d 50); *Elliott v. Hipp*, 134 Ga. 844 (68 SE 736). A direct, certain and immediate pecuniary interest in the outcome of the case will disqualify a judge (*Adams v. McGehee*, 211 Ga. 498 (86 SE2d 525)), but the judge in this case had no such interest because the lawsuit against him was dismissed prior to the trial of this case and prior to the time appellant's oral recusal motion was made. Mere bias or prejudice is not ground for disqualification (*Clenney v. State*, 229 Ga. 561 (192 SE2d 907)); even if a proper motion for recusal had been filed, thus invoking a hearing before another judge (see *State v. Fleming*, 245 Ga. 700, 701-702 (267 SE2d 207)), appellant has shown no cause for speculation that the judge was so influenced by the filing of a lawsuit, which was likewise filed against the lawyers who had represented appellant and which had already been dismissed, as to have infected the trial with personal bias and prejudice, affecting the outcome of the case and demanding a finding of harmful error. See *Hamilton v. State*, 239 Ga. 72 (235 SE2d 515); *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869); *Kirkland v. State*, 141 Ga. App. 664 (234 SE2d 133).

5. Appellant contends the trial court erred in charging on the defense that the arrest was illegal because appellant had committed no underlying offense to justify an arrest.

Appellant has not complied with Rule 15 (a) (1) of this court, which requires a statement in Part One of appellant's brief, setting forth "the method by which each enumeration of error was preserved for consideration by this court." However, the record shows affirmatively that after the charge to the jury the trial court inquired of counsel whether there were any exceptions to the charge, and counsel for appellant responded in the negative. If the trial court asks whether there are any objections to the charge, counsel must either state his objections or reserve his right to object on appeal. *Laster v. State*, 196 Ga. App. 854, 855 (397 SE2d 191). Appellant did neither in

this case; he is therefore precluded from raising the objection on appeal. See *Wigley v. Hambrick*, 193 Ga. App. 903, 905-906 (389 SE2d 763). In any case, the charge was not required to be given because it was not necessary that the State prove the underlying offense, but merely that the officers were acting in lawful discharge of their duties. *Whaley v. State*, 175 Ga. App. 493 (333 SE2d 691).

6. Appellant contends the State did not prove any underlying offense which would have justified the arrest. In *Whaley*, at p. 494, we held: "It is not necessary for the State to prove the underlying offense that causes the officers to act; it is only necessary to prove the elements of the obstruction statute, i.e., that the act constituting obstruction was knowing and wilful. . . . In [*Whaley*] . . . there is no question that appellant was acting knowingly and wilfully when he began struggling with the officers. Moreover, the officers were acting within the meaning of the statute since they were attempting to effectuate a lawful arrest." What this means is that the State need not prove appellant was engaged in disorderly conduct or was guilty of such offense. What is necessary is that the officers were acting in the lawful discharge of their duties when they attempted to arrest the defendant. *Whaley*, supra; see, e.g., *Johnson v. State*, 201 Ga. App. 88, 89 (410 SE2d 189). It was proven that the officers were called to the home of appellant and his mother to investigate and handle a violent disturbance, and the jury could not reasonably conclude police were not acting in the discharge of their lawful duties. We find no merit in this enumeration.

7. Finally, appellant contends in three enumerations that he had ineffective assistance of trial counsel. The State first contends that our previous remand with allowance of an out-of-time appeal did not authorize the trial court to hear any other matter. But, it was held in *Ponder v. State*, 260 Ga. 840, 841 (400 SE2d 922) that "the grant of an out-of-time appeal constitutes a permission to pursue appropriate post-conviction remedies, including a motion for new trial. . . . [A] claim of ineffective assistance of counsel may not be asserted in an out-of-time appeal unless appellate counsel pursues a motion for new trial, subsequent to the grant of the out-of-time appeal." The procedure followed by counsel in this case was correct.

As to the claim of ineffectiveness of trial counsel, the singular contention of appellant is that trial counsel failed to preserve the error of the trial court's failure to charge on the requirement that the State prove an underlying offense authorizing the police to arrest appellant. Inasmuch as the State did not have to prove the elements of an underlying offense (see Division 5), and appellant was not entitled to the charge, it cannot be said counsel's performance was deficient in failing to object to the failure to give it or that appellant was prejudiced by such deficiency. See *Brinson v. State*, 191 Ga. App. 151

(381 SE2d 292). The trial court's ruling was not erroneous. See *Smith v. State*, 256 Ga. 483 (351 SE2d 641).

8. We find the evidence in the case to be sufficient to persuade a rational trier of fact of appellant's guilt of the crimes convicted, beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED JUNE 24, 1992.

*J. Wayne Moulton*, for appellant.
*Cheryl F. Custer, District Attorney*, for appellee.