### S95A0980. WILLIAMS v. THE STATE.
(461 SE2d 530)

THOMPSON, Justice.

Dwayne A. Williams was convicted of felony murder and possession of a firearm by a convicted felon, and sentenced to life and five consecutive years in prison.[1] In this appeal, which follows the denial of his motion for a new trial, Williams primarily asserts that he was denied effective assistance of counsel.

Viewing the evidence in a light favorable to the prosecution, we find the following: Williams, the victim, and seven or eight others, were playing cards and dice, drinking alcohol and smoking marijuana, at Williams' father's house. An argument erupted between the victim and some others. Williams joined in and tussled with the victim. Several members of the group tried to escort the victim out of the house. In the meantime, Williams went around the house and confronted the victim at the front door. Williams shot at the victim and shots were exchanged. The victim suffered ten bullet wounds, some of which

---

[1] Williams killed the victim on March 2, 1994. He was indicted on April 22, 1994, and charged with malice murder, felony murder (with aggravated assault as the underlying felony) and possession of a firearm after having been convicted of a felony. He was tried by a jury on October 11-13, 1994, and convicted and sentenced on October 13, 1994. Williams' timely filed motion for a new trial was denied on January 27, 1995, and his notice of appeal was filed on February 22, 1995. The appeal was docketed in this Court on March 21, 1995, and orally argued on June 20, 1995.

were in his back.

1. In order to prevail on a claim of ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial to the defense. *Smith v. Francis*, 253 Ga. 782, 783 (325 SE2d 362) (1985) (citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984)). To meet the first prong of this test, a defendant must overcome the "strong presumption" that his counsel's performance fell within a "wide range of reasonable professional conduct" and his counsel's decisions were "made in the exercise of reasonable professional judgment." Id. The inquiry focuses on the reasonableness of counsel's conduct from counsel's perspective at the time of trial and under the circumstances of the case. Id. at 784.

Williams asserts his trial counsel should have called several witnesses who would have buttressed his version of his encounter with the victim (that the victim fired first and he returned fire in self-defense) and events leading up to his arrest (that he turned himself in to the police, admitted the shooting and immediately characterized it as self-defense). (The witnesses had been subpoenaed and were present in court.) He claims that this failure establishes that he was denied effective assistance of counsel. This assertion is without merit.

At the hearing on Williams' motion for a new trial, his counsel testified that he did not call the witnesses to testify because he believed Williams made a good witness himself, that the testimony of other witnesses would have been merely cumulative, and that it was more important to have the final word in closing argument than to call additional witnesses. See *Scott v. State*, 243 Ga. 233, 234 (2) (253 SE2d 698) (1979) (defendant has right to opening and closing arguments where he offers no evidence other than his own testimony). He added that he discussed his decision with Williams at trial.

Given counsel's testimony, it cannot be said that his performance fell outside the wide range of reasonable professional assistance. That Williams and his present counsel disagree with his trial counsel's strategy does not require a finding of ineffective assistance. *Stewart v. State*, 263 Ga. 843, 846 (6) (440 SE2d 452) (1994).

Williams also claims that his counsel was inattentive (and even fell asleep) because he was taking medication for a cold; and that his counsel did not properly investigate the case, consult with him before trial or prepare him for cross-examination. Williams' trial counsel denied these claims at the hearing on the motion for a new trial and the trial court credited his testimony, specifically noting that trial counsel never did anything to suggest that he was not attentive and alert. Even if it could be said that the performance of Williams' trial counsel was deficient in these respects, Williams failed to prove his trial counsel's performance prejudiced his defense. *Strickland v. Washing-*

*ton,* supra.

2. The evidence was sufficient to enable any rational trier of fact to find Williams guilty beyond a reasonable doubt of felony murder and possession of a firearm by a convicted felon. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. We will not reverse Williams' conviction simply because the voir dire, the opening statements, and the closing arguments were not transcribed. *State v. Graham,* 246 Ga. 341, 342 (271 SE2d 627) (1980). See also *Ledesma v. State,* 251 Ga. 487, 490 (8) (306 SE2d 629) (1983). Williams must demonstrate harm or prejudice stemming from the absence of a transcript. See *Stephens v. Hopper,* 241 Ga. 596, 601 (247 SE2d 92) (1978). This he failed to do.

4. It cannot be said that the trial court abused its discretion in permitting the victim's mother to remain in the courtroom during the trial and to testify after other witnesses for the state had testified. *Swain v. State,* 151 Ga. 375 (2) (107 SE 40) (1921). Accord *Roach v. State,* 221 Ga. 783, 787 (7) (147 SE2d 299) (1966).

5. Williams argues that the trial court should not have admitted pre-autopsy photographs of the victim, who was shot ten times, because they are excessively gruesome. Generally, pre-autopsy photographs are admissible to show the nature and extent of the victim's wounds. *Isaac v. State,* 263 Ga. 872, 873 (3) (440 SE2d 175) (1994); cf. *Brown v. State,* 250 Ga. 862, 867 (302 SE2d 347) (1983) (post-autopsy photographs generally inadmissible unless necessary to show material fact which becomes apparent because of autopsy). The mere fact that metal probes could be seen in some of the photographs did not render them inadmissible. The probes simply illustrated the angle and path of the victim's wounds. The trial court did not abuse its discretion. *Diaz v. State,* 262 Ga. 750, 753 (5) (425 SE2d 869) (1993).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 25, 1995.

*Stroup & Coleman, Elizabeth V. Rogan,* for appellant.

*J. Tom Morgan, District Attorney, Anne M. Long, Desiree S. Peagler, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Paige R. Whitaker, Assistant Attorney General,* for appellee.