A98A0164. PRIMAS v. THE STATE.
(501 SE2d 28)

BEASLEY, Judge.

Primas was convicted by a jury and sentenced on two counts each of armed robbery, aggravated assault, and entering an auto, and one count of possession of a firearm during the commission of a crime. The trial itself was recorded and transcribed.

Primas contends he has been deprived of effective assistance of counsel both at trial and on appeal because the law does not require that voir dire and opening and closing arguments be reported, making it impossible to determine whether there was error in those proceedings. He does not suggest there was any. Primas' present counsel

---

was appointed to represent him on appeal about six and a half months after trial.

1. In defendant's brief, he focuses on voir dire and does not develop a rationale for challenging the opening and closing arguments, which are statutorily excepted from recordation in OCGA § 17-8-5 (a).

2. If there was error in the voir dire, Primas waived it by failing to object at trial. "To raise an issue as to error in the conducting of the voir dire, objection must be made in the trial court to preserve the issue for appeal."[1] Any objection and the court's ruling would have been reported had there been such, as was done when objection was voiced during opening statement.[2] After the jury was selected, Primas' trial counsel expressly stated he had "no challenge to the jury constitution."

Primas does not contend his trial counsel was ineffective in any particular manner but only that possible error occurred during voir dire or counsel may have been ineffective, but he will never know because there is no record. He simply argues he "has no idea" if trial counsel was allowed to question the prospective jurors as allowed by law or whether any other legal mistake transpired. But he must show error in order to win a new trial.[3]

In *State v. Graham*,[4] which reversed the decision of this Court,[5] the Supreme Court held that a transcript of voir dire is not mandatory in non-capital felony cases, i.e., it is not a part of the proceedings which must be taken down in accordance with what is now OCGA §§ 5-6-41 and 17-8-5. This is so even where the statutory methods for perfecting a record from recollection are unavailable due to lack of participants' recall.[6] Primas does not suggest that something objectionable to him occurred but only that neither trial counsel nor the court could remember what transpired when it became desirable to test the proceedings.

---

[1] *State v. Graham*, 246 Ga. 341, 342-343 (271 SE2d 627) (1980).

[2] Id.

[3] *Marshall v. State*, 239 Ga. 101, 103 (2) (236 SE2d 58) (1977) (no error where no harm shown by state's failure to record whole voir dire); *Smith v. State*, 251 Ga. 229, 230 (2) (304 SE2d 716) (1983) (omission of voir dire from record not reversible error absent allegation of harm resulting from omission); *Williams v. State*, 265 Ga. 681, 683 (3) (461 SE2d 530) (1995) (no reversal simply because voir dire, opening statements and closing arguments not transcribed where defendant failed to demonstrate harm or prejudice stemming from absence of transcript); *Mapp v. State*, 204 Ga. App. 647, 648 (2) (420 SE2d 615) (1992) ("appellant must show harmful error in the voir dire proceedings by objection and a ruling thereon").

[4] Supra, 246 Ga. 341.

[5] *Graham v. State*, 153 Ga. App. 658 (266 SE2d 616) (1980) (appellant, but not the trial judge, *did* recall a prejudicial statement by a prospective juror; failure to record voir dire reversible error).

[6] Supra, 246 Ga. at 343.

Primas admits *Graham* is on point but urges readoption of this Court's "reasoned opinion which addressed the exact problem which faces appellant herein." That is beyond our power, as "we are constrained to apply the holding of *Graham*."[7]

Although Primas blames trial counsel for failing to move for reporting of the entire trial under OCGA § 5-6-41, and suggests that if he were not indigent the court would have granted it, he acknowledges that he was not entitled to such a record.[8] No constitutional equal protection deprivation is asserted. If Primas' position is that the Supreme Court's interpretation of the two statutes deprived him of equal protection or due process of law, because he is indigent, his appeal must be to the Supreme Court. Ga. Const. Art. VI, Sec. VI, Par. II (1).

Primas' claim that he is unable to prepare an appeal without a complete transcript that includes the voir dire also fails under *Graham*.[9]

In sum, a general unspecified hope of reversible error during voir dire does not win a new trial on the ground that a record should have been made so as to accommodate a search for error now buried in unrecorded history.[10] A fear that the statutory questions in OCGA § 15-12-164 may not have been asked or that the oath may not have been given must be met with the rule that, unless shown otherwise, the trial court is presumed to have followed the law.[11]

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED APRIL 1, 1998

*Donald W. Rogers*, for appellant.
*Fredric D. Bright, District Attorney, Stephen A. Bradley, Assistant District Attorney*, for appellee.

---

[7] *Quick v. State*, 166 Ga. App. 492, 496 (5) (304 SE2d 916) (1983).

[8] Id. (judge not required to order transcription of all voir dire even in response to a motion to do so).

[9] See also *Aiken v. State*, 226 Ga. 840, 842-843 (1) (178 SE2d 202) (1970) (appellant's counsel's argument that he cannot properly represent appellant without a transcript of voir dire, opening and closing, without more, is without merit).

[10] Compare *Woody v. State*, 229 Ga. App. 823 (494 SE2d 685) (1997) (reversal warranted where there is no record of a factual basis for a plea and no transcript of the plea hearing).

[11] *Merrill v. State*, 201 Ga. App. 671, 672 (1) (411 SE2d 750) (1991); *Bridges v. State*, 227 Ga. 24 (1) (178 SE2d 861) (1970).