## A02A1590. MORRISON v. THE STATE.
(567 SE2d 360)

ELLINGTON, Judge.

A Lowndes County jury convicted Johnny Lee Morrison, Sr. of two counts of violating Georgia's Controlled Substances Act, OCGA

§ 16-13-30. He appeals from the denial of his motion for new trial. Finding no error, we affirm.

The evidence presented, viewed in the light most favorable to the verdict,[1] shows that on December 14, 2000, police officers from the Lowndes County Sheriff's Office Narcotics Division arranged a controlled buy of cocaine between Morrison and his cousin, Joseph McGoggle, at a motel. Before the controlled buy, the officers searched McGoggle to ensure that he did not have any illegal contraband or money on his person. The officers gave McGoggle a $100 bill and wired him with an audiotape listening device. As officers watched from a nearby motel room, McGoggle called Morrison and arranged the buy. Morrison arrived about ten minutes later. McGoggle and Morrison exchanged the $100 bill for a rock of cocaine. The officers videotaped the transaction.

McGoggle gave an arrest signal to the officers, who ran toward the two men. McGoggle lay down on the ground with the cocaine in his hand. Morrison threw his hands in the air and started to run. The officers saw Morrison throw some money and cocaine before they tackled and handcuffed him. The officers found the $100 bill[2] and a rock of cocaine on the ground and retrieved the cocaine from McGoggle's hand. Following a jury trial, Morrison was convicted of possession of cocaine, OCGA § 16-13-30 (a), and possession with intent to distribute cocaine, OCGA § 16-13-30 (b).

1. On appeal, Morrison complains that the trial's bench conferences were not transcribed, characterizing the missing proceedings as "major decisions" involving objections and arguments "unknown and undeterminable at this time." He contends that microphones were visible around the judge's bench, so that he "assumed" the entire proceedings would be transcribed.

Morrison failed, however, to follow the statutory means for completing a transcript under these circumstances. "[W]here the transcript does not fully disclose what transpired at trial, it is the duty of the complaining party to have the record completed pursuant to OCGA § 5-6-41." (Citation omitted.) *Mapp v. State*, 204 Ga. App. 647, 648 (2) (420 SE2d 615) (1992). Under OCGA § 5-6-41, a party can attempt to reach an agreement with the opposing party about what transpired during trial for the purpose of recreating a transcript. If they are unable to reach an agreement, they can submit the issue to the court. Since Morrison failed to follow the OCGA § 5-6-41 proce-

---

[1] *Johnson v. State*, 231 Ga. App. 114, 119 (4) (497 SE2d 666) (1998).

[2] At trial, an officer testified that, due to the limited availability of funds, the sheriff's office later photocopied the $100 bill used in this controlled buy so that the officers could reuse the bill in subsequent buys. The photocopy was admitted into evidence.

dure, he is unable to show error or harm by the record on appeal.[3] See *Mapp v. State*, 204 Ga. App. at 648 (2). We find the trial court did not err in denying the motion for new trial on the basis that the bench conferences were not transcribed.

2. Morrison complains that a photocopy of the $100 bill should not have been admitted. Morrison objected to the photocopy at trial on the basis of lack of authentication, but abandoned that argument on appeal. Morrison now argues that the photocopy was inadmissible as irrelevant, citing *Snelling v. State*, 215 Ga. App. 263, 265-266 (1) (b) (450 SE2d 299) (1994). He failed, however, to object at trial to the photocopy on that basis. Accordingly, he has waived these objections to the evidence. "Where an entirely different objection or basis for appeal is argued in the brief which was not presented at trial we will not consider that basis as we are limited to those grounds presented to and ruled upon by the trial court." (Citation and punctuation omitted.) *Williams v. State*, 234 Ga. App. 191, 195 (6) (506 SE2d 237) (1998).

3. Morrison contends that one of the police officers was not properly qualified as an expert to give his opinion of the street value of two rocks of crack cocaine. This enumeration lacks merit.

The trial court has the discretion to allow an experienced police officer to testify to the street value of cocaine which has been seized. *Kimbrough v. State*, 215 Ga. App. 303-304 (1) (450 SE2d 457) (1994). The officer in this case testified that he had six years of experience as a police officer dealing with crimes involving "street level drugs" and narcotics and that he had participated in more than a hundred cocaine investigations. When asked to give his opinion, based upon this experience, of the approximate value of the two rocks of crack cocaine recovered at the scene, the officer opined that the street value of the smaller one was $50 and the larger rock was worth $100. The admission of this testimony was proper. Id.

4. Morrison argues that he is entitled to a new trial because McGoggle, his cousin, allegedly perjured himself on the stand at trial. The affidavit was not newly discovered evidence under OCGA

---

[3] We note that, at the motion for new trial hearing, the State argued that no improper evidence was admitted following the bench conferences, and the trial court agreed. The first bench conference involved routine pre-trial matters prior to voir dire. During two subsequent bench conferences, the trial court sustained Morrison's hearsay objections and the State complied with the trial court's ruling, so Morrison was not harmed by the failure to transcribe. When Morrison objected to hearsay during a bench conference a third time, the State affirmatively warned its witness, a police officer, to limit his testimony to actions he took during the controlled buy. The record shows that no improper evidence was admitted at that time. The final untranscribed bench conference involved Morrison's motion for a directed verdict, which was properly denied.

§ 5-5-23,[4] but would serve only to impeach McGoggle's trial testimony. Therefore, it cannot be the basis for a new trial. *Drake v. State,* 248 Ga. 891, 894 (1) (287 SE2d 180) (1982). "The law is settled that a post-trial declaration by a State's witness that his former testimony was false is not a ground for a new trial." (Citation and punctuation omitted.) *Osborn v. State,* 233 Ga. App. 257, 260 (3) (504 SE2d 74) (1998). Accordingly, the trial court did not err in denying the defendant's motion for a new trial on this ground.

5. Morrison contends the trial court erred when it sentenced him as a recidivist. Contrary to Morrison's argument on appeal, the State properly filed a notice to treat him as a recidivist for sentencing purposes, based upon Morrison's two prior convictions as a habitual violator under OCGA § 40-5-58. An individual who has previously been convicted of a felony shall be sentenced upon conviction of a subsequent felony to the maximum prescribed punishment for that offense, although the trial court may suspend or probate part or all of the sentence. OCGA § 17-10-7 (a).

In this case, Morrison was convicted of possession of cocaine and possession with intent to distribute cocaine. OCGA § 16-13-30 (a), (b). The maximum punishment for a first conviction of possession with intent to distribute cocaine is thirty years, with a minimum of five to serve. OCGA § 16-13-30 (b), (d). This is the sentence Morrison received. Accordingly, there was no error.

*Judgment affirmed. Smith, P. J., and Eldridge, J., concur.*

DECIDED JUNE 19, 2002.

*Edith M. Edwards,* for appellant.
*J. David Miller, District Attorney, J. Bennett Threlkeld, Assistant District Attorney,* for appellee.

---

[4] Under OCGA § 5-5-23, newly discovered evidence that might justify a new trial means material evidence that is "not merely cumulative or impeaching in its character but relating to new and material facts."