## S12A1074. MCFARLANE v. THE STATE.
(729 SE2d 349)

HINES, Justice.

Following the denial of his motion for new trial, as amended, Dana Gregory McFarlane appeals his convictions for malice murder, kidnapping with bodily injury, and possession of a knife during the commission of a felony in connection with the fatal slashing of his fiancée Kinaya Schenese Byrd. His sole contention of error is that the trial transcript is incomplete in violation of statutory requirements. For the reasons that follow we find the challenge to be without merit, and we affirm.[1]

The evidence construed in favor of the verdicts showed the following. On February 12, 2010, Smith heard screaming while he was sitting in his living room in his home in Stockbridge. He looked outside and saw his neighbor, Kinaya Byrd, clothed in a house robe, running through his yard; he observed her fall in his driveway behind his car. McFarlane then picked her up, placed his hands underneath her armpits and dragged her back across Smith's lawn through the snow. Smith went outside and asked McFarlane, "What are you doing?" McFarlane told Smith to "[s]hut up." Smith asked Byrd if she needed any help, but she was just whimpering. McFarlane continued to drag Byrd toward her home, telling Smith that there was no problem. McFarlane dragged Byrd inside her home and closed the door. Smith returned to his home and telephoned the police.

Approximately three to four minutes after Smith's call to the police, an officer arrived on the scene and knocked on the front door of Byrd's home, but there was no answer. Another officer arrived, and after checking the rear door of the residence, the police returned to the front door and found it unlocked. The officers entered the residence and found Byrd lying on her back, just past the front door; she was unresponsive. The officers did not find anyone else in the residence. Paramedics were dispatched to the scene and determined that Byrd was dead.

---

[1] The crimes occurred on February 12, 2010. On April 1, 2010, a Henry County grand jury returned a four-count indictment against McFarlane: Count 1 – malice murder; Count 2 – felony murder while in the commission of aggravated assault; Count 3 – kidnapping with bodily injury; and Count 4 – possession of a knife during the commission of a felony. McFarlane was tried before a jury December 6-10, 2010, and was found guilty on all counts. On December 10, 2010, he was sentenced to life in prison on Count 1; life in prison on Count 3, to be served consecutively to the sentence on Count 1; and five years in prison on Count 4, to be served consecutively to the sentence on Count 3. The verdict on Count 2 stood vacated by operation of law. A motion for new trial was filed on January 5, 2011, and an amended motion for new trial was filed on August 24, 2011. The motion for new trial, as amended, was denied on September 28, 2011. A notice of appeal was filed on October 27, 2011, and the case was docketed in this Court in the April 2012 term. The appeal was submitted for decision on the briefs.

Shortly thereafter, Henry County police received a radio transmission indicating that the Rockdale County Sheriff's Department had stopped McFarlane, and that he was confessing to a crime in Henry County. After signing a statement of *Miranda*[2] rights, he confessed to murdering Byrd. Byrd's throat had been cut, severing her jugular vein, carotid artery, and vagus nerve; the cut reached down to the cervical spine, i.e., to the bone.

· At trial, McFarlane admitted to killing Byrd. He testified that he and Byrd argued after he became aware of text messages indicating that Byrd was having a sexual relationship with another individual, and that he choked Byrd until she lost consciousness and then cut her throat.

1. The evidence was sufficient to authorize a rational trier of fact to find McFarlane guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. McFarlane contends that he is entitled to a new trial because voir dire was not recorded as required by OCGA § 5-6-41 (a).[3] He urges that he was prejudiced thereby in not having a complete transcript of his trial and cites as an example that one of the jurors on his case was arrested during the trial. But, his complaint is unavailing.

It appears that McFarlane failed to request that voir dire be transcribed, and OCGA § 5-6-41 (a) does not require that voir dire be reported in all felony cases. *State v. Graham*, 246 Ga. 341, 342 (271 SE2d 627) (1980). It is mandatory that voir dire be made part of the record in cases where the death penalty is imposed, which is not the circumstance here. Id., citing *Owens v. State*, 233 Ga. 869 (214 SE2d 173) (1975). Moreover, as to McFarlane's offered example of prejudice, a review of the existing trial transcript indicates that indeed one of the sitting jurors was arrested on outstanding traffic-related charges, but that such juror was replaced with one of the alternates prior to jury deliberations. In any event, McFarlane's complaint is founded on the tenuous premise that an examination of the voir dire proceedings would have some bearing on or relationship to the subsequent arrest of the juror. Merely asserting a general unspecified hope of reversible error during voir dire is insufficient to warrant a new trial on the ground that a transcript of the proceeding should

---

[2] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

[3] OCGA § 5-6-41 (a) provides:

· In all felony cases, the transcript of evidence and proceedings shall be reported and prepared by a court reporter as provided in Code Section 17-8-5 or as otherwise provided by law. .

have been made so as to "accommodate a search for error now buried in unrecorded history." *Primas v. State*, 231 Ga. App. 861, 863 (501 SE2d 28) (1998).

*Judgments affirmed. All the Justices concur.*

DECIDED JULY 2, 2012.

*Thomas D. Wight*, for appellant.

*Tommy K. Floyd, District Attorney, Blair D. Mahaffey, John A. Pipkin III, Assistant District Attorneys, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Brittany N. Jones, Assistant Attorney General*, for appellee.