## S94A1527. LeMAY v. THE STATE.

(453 SE2d 737)

HUNT, Chief Justice.

John Richard LeMay was found guilty of the burglary, armed robbery and murder of Dr. Cecil Grogan.[1] He appeals, and we affirm.

1. After reviewing the evidence in a light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found the defendant guilty of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. LeMay argues that the trial court violated his Fifth Amendment right to counsel by admitting into evidence a statement he made to police while in custody. Specifically, LeMay claims that his confession was obtained despite his repeated requests that an attorney be present before he answered any questions.

Prior to trial, the court conducted a *Jackson-Denno* hearing to determine if LeMay's confession should be suppressed. A Cobb County detective testified that he arrested LeMay outside his trailer on the day after the murder. At that time, according to the detective, LeMay was given his *Miranda* warnings but, though he indicated that he was willing to talk with police, no statement was taken. When it began to rain, LeMay entered a trailer with the detective and several agents of the Georgia Bureau of Investigation. Inside the trailer a GBI agent advised LeMay of his rights. LeMay again said that he understood his rights and wished to make a statement; that statement was recorded in the reports of both the detective and the GBI agent. Both officers testified that LeMay made no request for an attorney while in their custody. At the police station, LeMay was advised of his rights by another detective; he acknowledged understanding his rights, signed a written waiver of rights form, and made a statement which was also recorded in the police reports. Police officers present during the making of this second statement testified that LeMay made no request for an attorney at this time.

"Unless clearly erroneous, a trial court's findings relating to the admissibility of an incriminating statement will be upheld on appeal." *Carter v. State*, 257 Ga. 510, 513 (361 SE2d 175) (1987). Thus, though

---

[1] The crimes occurred on February 19, 1991. LeMay was found guilty of malice murder, felony murder, armed robbery and burglary on February 24, 1993; he received two consecutive life sentences for malice murder and armed robbery, and a consecutive twenty-year sentence for armed robbery. LeMay's motion for new trial, filed on March 16, 1993, and amended on October 6, 1993, was denied on February 25, 1994. LeMay filed his notice of appeal on March 16, 1994. The case was docketed on July 5, 1994, and submitted on briefs without oral argument on August 29, 1994.

Co-defendants Robert Carl Tidwell and Michael Edward LeMay, John Richard LeMay's brother, were tried separately, and their conviction was affirmed on appeal. See *LeMay v. State,* 264 Ga. 263 (443 SE2d 274) (1994).

LeMay's version of the events was "remarkably different" from that presented in the testimony of the police officers, there was sufficient evidence to support the trial court's determination that the police officers were more credible witnesses. *Davis v. State*, 255 Ga. 598, 607 (340 SE2d 869) (1986). We find no error in the admission of the confession.

3. LeMay also argues that the trial court erred in admitting his confession because the state failed to lay a proper foundation as required by *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966). At trial a detective testified that when he arrested LeMay outside his trailer, he advised him of his *Miranda* rights from memory. On cross-examination, defense counsel asked the detective to repeat to the jury the rights he had enumerated for LeMay. The detective said:

> I advised him, "You are under arrest. You have the right to remain silent. Anything you say in court can be used against you. You have the right to have an attorney and have that attorney present before any questioning, if you wish. If you cannot afford an attorney, one can be appointed before any questioning, if you wish. If you decide to talk to us now without an attorney present, you'll still have the right to stop talking and ask for an attorney."

It appears that neither the prosecutor nor defense counsel noticed that the detective had said, "Anything you say in court can be used against you." However, the trial court, sua sponte, excused the jury and inquired into the detective's recitation of the *Miranda* warnings. Further, the trial court allowed the state in the presence of the jury to question the detective concerning his knowledge of the proper language of the warning. LeMay maintains that it was improper for the trial court to allow the state to clarify the detective's slip of the tongue and that admission of his confession was error since the state failed to show that LeMay's rights were correctly explained to him.

An examination of the record reveals, as set forth above, that after the detective informed him of his rights, LeMay indicated a willingness to speak with police but that he did not in fact make a statement at that time. When LeMay and the officers took shelter in the trailer, a GBI agent again read LeMay the *Miranda* warnings to make sure that he did wish to speak with them, and examination of the agent at trial indicated that those warnings had been correctly enumerated. Thus, it appears that the safeguards required by *Miranda* were provided. Further, the trial judge held a hearing outside the presence of the jury and found that the statement had been freely and voluntarily given, a finding that was authorized by the evidence.

This enumeration of error is without merit. *Holmes v. State*, 224 Ga. 553, 562 (163 SE2d 803) (1968).

4. LeMay contends that the trial court erred in denying his motion for mistrial when the state commented on his right to remain silent. John LeMay, appellant, and his brother, Michael LeMay, were tried separately. At his own trial, Michael LeMay denied killing Dr. Grogan, but at the subsequent trial of his brother John, Michael testified that he had lied at his own trial and that John had not been involved in the killing. After asserting that it was he, not John, who was responsible for the murder, Michael LeMay was asked by defense counsel:

> Q. Is that the truth?
>
> A. Yes, sir, it's the truth.
>
> Q. You know now that there's presently pending before this court, filed by your attorneys, a motion for new trial to be heard by this very judge. You and I talked about that, didn't we?
>
> A. Yes, sir.
>
> Q. Do you understand that by virtue of your testimony here, even if the judge gave you a new trial, everything you've said could be used against you?
>
> A. Yes, sir. I didn't see no hope for new trial anyway.

On cross-examination, the state asked Michael LeMay:

> Q. And so you decided, did you not, you along with other conspirators, to come in and make a last-ditch effort to save the skin of your brother?

LeMay contends that this question constitutes improper comment by the state on his right to remain silent.

Reversal for improper comment by the prosecutor requires a finding either that 1) the prosecutor's manifest intention was to comment on the accused's failure to testify, or 2) the remark was of such a character that a jury would naturally and necessarily take it to be a comment on the accused's failure to testify. *Ranger v. State*, 249 Ga. 315, 319 (290 SE2d 63) (1982). The question posed by the prosecution appears to be an attempt to impeach the truth of Michael LeMay's testimony rather than comment on LeMay's right to remain silent. Whatever the intent of the question, it is clear that it does not support a finding either that the prosecution manifestly intended to comment on his failure to testify or that a jury would necessarily take it as a comment on his failure to testify. Accordingly, we find no merit

to this argument.
*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 27, 1995.

*J. Michael Treadway,* for appellant.
*Thomas J. Charron, District Attorney, Jack E. Mallard, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Rachelle L. Strausner, Assistant Attorney General,* for appellee.