S97A0612. DANIEL v. THE STATE.
(485 SE2d 734)

CARLEY, Justice.

A jury found Samuel Daniel guilty of malice murder and the trial court sentenced him to life imprisonment. He appeals from the judgment of conviction and sentence entered on the guilty verdict.[1]

1. The victim, who was the current boyfriend of Daniel's former girl friend, was fatally stabbed. Although there were no eyewitnesses to his homicide, the evidence showed that Daniel harbored animosity toward the victim. Daniel had been stalking his former girl friend and, when he attacked her on the day before the murder, the victim came to her rescue and struck Daniel. Daniel threatened to kill the victim. The next day, Daniel displayed a knife to a friend and again made threats to kill the victim. After the discovery of the victim's body, Daniel made a statement admitting that he fought with the victim, but also claiming that he lost consciousness and did not remember what had happened. This evidence authorized a rational trier of fact to find proof of Daniel's guilt of malice murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Daniel enumerates as error the admission into evidence of his statement. According to him, the trial court should not have admitted the statement because, at the time he made it, he was confused and his judgment was impaired because of the blow the victim struck the day before. A review of the record shows that the trial court conducted a *Jackson-Denno* hearing, at which the State called the officer to whom the statement was given and this officer's testimony authorized the trial court's conclusion that Daniel gave the statement

---

[1] The homicide occurred on May 21, 1994 and the grand jury indicted Daniel on August 19, 1994. On December 1, 1995, the jury returned its guilty verdict and the trial court entered its judgment of conviction and life sentence. Daniel filed his notice of appeal on December 14, 1995 and the case was docketed in this Court on January 9, 1997. Daniel submitted his appeal for decision on March 3, 1997.

freely and voluntarily. " 'Unless clearly erroneous, a trial court's findings relating to the admissibility of an incriminating statement will be upheld on appeal.' [Cit.]" *LeMay v. State*, 265 Ga. 73 (2) (453 SE2d 737) (1995). Daniel offered nothing to rebut the officer's testimony and, contrary to Daniel's contention, the State was not required to corroborate the officer's testimony by proffering a videotape of the session at which the statement was made. The trial court was authorized to base its ruling on the testimony and credibility of the officer himself. See generally *Washington v. State*, 243 Ga. 329, 333 (2) (253 SE2d 719) (1979). It follows that this enumeration of error is without merit.

3. Daniel urges that the trial court erred in ruling that, in the event he relied upon expert mental health evidence, he would be required to submit to an independent mental health evaluation by an expert of the State's choosing. In *Lynd v. State*, 262 Ga. 58, 64 (11) (414 SE2d 5) (1992), we held that a defendant in a criminal case "can no more present psychiatric testimony without submitting to an examination by a state-selected psychiatrist than he may testify at trial without submitting to a cross-examination." Accordingly, this enumeration of error is without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 5, 1997.

*Patrick G. Longhi,* for appellant.

*Paul L. Howard, Jr., District Attorney, Gina C. Marshall, Assistant District Attorney, Michael J. Bowers, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Beth Attaway, Assistant Attorney General,* for appellee.