## A05A2169. MADDOX v. THE STATE.
(628 SE2d 625)

Barnes, Judge.

William Maddox appeals from his conviction for hijacking a motor vehicle, contending that the trial court erred by: (1) sentencing him as a recidivist when the State failed to give him written notice of its intent to seek such a sentence; (2) admitting his confession; and (3) not ordering a psychiatric evaluation. For the reasons that follow, we affirm.

1. Maddox contends that the trial court could not sentence him as a recidivist because the State failed to notify him in writing that it intended to seek recidivist punishment. We find no merit in this enumeration.

> OCGA § 17-10-2 requires "clear notice" to an accused of all previous convictions that the state intends to introduce at trial to allow a defendant to examine his record to determine if the convictions are in fact his, if he was represented by counsel, and any other defect which would render such documents inadmissible during the pre-sentencing phase of the trial.

(Citation and punctuation omitted.) *West v. Waters*, 272 Ga. 591, 591-592 (1) (533 SE2d 88) (2000). This "clear notice" need not be in writing. Id. at 592. In this case, defense counsel acknowledged that she received oral notice months before trial and that she reviewed the convictions. As a result, the trial court did not err by sentencing Maddox as a recidivist. See *Mullinax v. State*, 242 Ga. App. 561, 563 (2) (530 SE2d 255) (2000) (defense counsel conceded during sentencing that State provided oral notice).

2. Maddox contends that the trial court should not have admitted his handwritten confession based on his testimony during the *Jackson-Denno* hearing that it was not voluntary because the police officers "beat the statement out of [him]." The police officer who obtained the confession from Maddox testified that he never hit or pushed Maddox, never forced him to say anything, and never frightened him in any way. He further testified that the confession was obtained after reading Maddox his *Miranda* rights and obtaining a signed waiver.

As a general rule, the admission of evidence is a matter resting within the sound discretion of the trial court, and appellate courts will not disturb the exercise of that discretion absent evidence of its abuse. *Whisnant v. State*, 178 Ga. App. 742, 743 (1) (344 SE2d 536) (1986). "Unless clearly erroneous, a trial court's findings relating to the admissibility of an incriminating statement will be upheld on appeal." (Citation and punctuation omitted.) *Ray v. State*, 273 Ga.

App. 656, 658 (1) (615 SE2d 812) (2005). Here, there was ample evidence in the record supporting the trial court's conclusion that Maddox's confession was voluntary and we find no error. Id.

3. In his remaining enumeration of error, Maddox asserts the trial court should have ordered a sua sponte psychiatric evaluation after Maddox testified in the pre-trial *Jackson-Denno* hearing that, approximately six to eight months before his trial, he took Haldol for about six months. There is no evidence in the record about why Haldol was prescribed to Maddox. Nothing in the record indicates that Maddox appeared irrational or incompetent at any time. Under these circumstances, we cannot find that the trial court erred by failing to order, sua sponte, that Maddox undergo a psychiatric evaluation. See *Collins v. State*, 259 Ga. App. 587, 588 (2) (578 SE2d 201) (2003).

*Judgment affirmed. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED MARCH 13, 2006.

*Alicia H. Thomas*, for appellant.
*Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Assistant District Attorney*, for appellee.