## A06A1124. HENLEY v. THE STATE.
(635 SE2d 856)

BARNES, Judge.

Following a jury trial, Jerry Louis Henley was found guilty of the sale of cocaine, possession of cocaine with intent to distribute, and possession of cocaine. He was sentenced to eleven years, to serve five years, followed by one year's intensive probation, five years' probation, and a $2,500 fine. Henley appeals, contending that the trial court erroneously admitted character evidence, and that the evidence is insufficient to sustain his convictions. Finding no reversible error, we affirm for the reasons stated below.

Viewed in the light most favorable to the verdict, the evidence shows that Henley sold crack cocaine to an undercover special agent. At trial, the special agent and his colleague testified that they witnessed this transaction, and they positively identified Henley as the seller. The transaction was also videotaped and played for the jury, and the substance was identified as cocaine. Additionally, the special agent also testified, and Henley confirmed, that Henley uses cocaine and had placed cocaine in the hands of others on another occasion.

1. Henley contends the evidence is insufficient to sustain his convictions for cocaine possession and distribution under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). In support of this argument, Henley asserts that the person in the video did not look like him, the special agent only had 15 seconds to view the alleged perpetrator, and his statement made to the special agent about his cocaine activity should not have been admitted. We find no merit in Henley's contentions.

Pretermitting whether Henley's statement made to the special agent should have been admitted, the record contains ample evidence from which the jury could conclude that Henley was guilty. Two special agents identified Henley, a videotape of the cocaine transaction was played for the jury, and the cocaine was positively identified. Accordingly, the evidence was sufficient under *Jackson v. Virginia*, supra.

2. Henley also contends that the trial court, by admitting his statement about his cocaine use and previous distribution activity, erroneously admitted character evidence. However, during the trial, defense counsel raised a delayed objection to the statement arguing that it was "inculpatory." Because Henley failed to object to admission of this statement in a timely manner and on the specific grounds he now asserts on appeal, we are precluded from considering this objection. *Crawford v. State*, 267 Ga. 543, 545 (6) (480 SE2d 573) (1997); *Sieveking v. State*, 220 Ga. App. 218, 220 (2) (469 SE2d 235) (1996).

Further, an objection must specify the evidentiary rule at issue. We have held that it is not enough to object that evidence is "irrelevant" if there are more specific reasons why the evidence is inadmissible or if it is not immediately apparent why the evidence is prejudicial. *Tice v. Cole*, 246 Ga. App. 135, 137 (1) (a) (537 SE2d 713) (2000). Likewise, it is not enough to object that evidence is "inculpatory" if defense counsel could have objected specifically to the evidence's character and prejudicial issues.

Additionally, defense counsel also did not make a timely objection when the special agent testified about Henley's statement. On direct examination, the special agent testified that Henley admitted to being a user of crack cocaine and had previously placed crack cocaine in someone else's hands. On cross-examination, the special agent reiterated this statement in response to the defense counsel's questioning. Defense counsel then further explored this matter with several more questions. Only after prosecution finished its redirect and stated that it had no further evidence did defense counsel object to the special agent's statement about Henley's cocaine activity. Because defense counsel failed to object at the time the evidence was offered and before the additional facts were explored, Henley waived his right to object on appeal. *Sieveking v. State*, supra, 220 Ga. App. at 220.

Moreover, because Henley later confirmed on direct examination that he did make the statement to the special agent that he uses cocaine and had on another occasion distributed cocaine, any error in admitting the special agent's testimony was harmless. In essence, Henley's own direct examination introduced the same evidence that Henley now complains about on appeal.

*Judgment affirmed. Andrews, P. J., and Bernes, J., concur.*

DECIDED AUGUST 23, 2006.

*Sullivan, Sturdivant & Ogletree, Samuel H. Sullivan, Michele W. Ogletree*, for appellant.

*Scott L. Ballard, District Attorney, Gail M. Travillian, Cindy L. Spindler, Assistant District Attorneys*, for appellee.