## A07A1739. BYNUM v. THE STATE.
### (658 SE2d 196)

ADAMS, Judge.

Clyde B. Bynum appeals from the trial court's order denying his pro se motion to appoint new appellate counsel. We affirm.

It appears that Bynum was convicted by a jury in 2002 and sentenced to prison, although the record before us contains no mention of the underlying crime or crimes involved. The record reflects, however, that Bynum's trial attorney filed a notice of appeal on October 15, 2002, although it appears that no further action has been taken on that appeal. Bynum asserts in his brief that he asked his trial attorney to withdraw two days after the notice of appeal was filed, and two years later moved to dismiss his attorney of record, which motion he asserts was denied by the trial court. The record on appeal does not contain documentation of that ruling and it is not before us in this appeal.

On September 11, 2006, Bynum moved for the appointment of appellate counsel, and the trial court declined to rule on that motion on September 20, 2006. Instead the court instructed Bynum to direct his request for appellate counsel to the public defender's office. Several months later, on November 30, 2006, Bynum filed a "Request for this Court to Rule on the Motion Before the Court for Appointment of New Counsel for Defendant's Appeal." Bynum's request contained several attached letters addressed to the public defender's office requesting counsel, but Bynum represented that the public defender had not replied to this correspondence.

When the trial court did not rule on that motion, Bynum filed a renewed motion on March 23, 2007, along with a "Motion for Transcripts at State's Expense." The trial court responded with an order stating that Bynum was requesting relief that the trial court was not in a position to grant. Once again, the court directed Bynum to make his request for appellate counsel to the public defender's office, and stated that "it would be improvident for this Court to address the Petitioner's request for transcripts without resolution of the appointment of appellate counsel issue."[1]

Bynum moved the trial court to reconsider its order, and the court responded by again asserting that Bynum was requesting relief

---

[1] Bynum has not appealed the trial court's position on the motion for transcripts, and it is not before us in this appeal.

that the trial court had no authority to grant, noting that the Georgia Indigent Defense Act of 2003 (the "IDA"), OCGA § 17-12-1 et seq., had removed the responsibility for appointing counsel from the courts and placed it in the Georgia Public Defender Standards Council.

We agree with the trial court's conclusion that it lacked the authority to grant Bynum's motion. As this Court has noted:

> Prior to the passage of this Act, trial courts exercised considerable control over the indigent defense process, including the appointment of counsel to represent indigent defendants. See former OCGA § 17-12-4 et seq. (2002). Following the passage of the IDA, however, public defender offices were established in each judicial circuit of the State. Defendants charged with felonies now apply directly to these offices, rather than to the trial court, for indigent representation. See OCGA §§ 17-12-20; 17-12-27 et seq.

*Odum v. State*, 283 Ga. App. 291, 292 (641 SE2d 279) (2007). Accordingly, the trial court correctly found that Bynum was required to direct his request for indigent representation directly to the public defender's office. And the IDA requires that the circuit public defender provide representation in any direct appeal of an action prosecuted in the superior court "in which there is a possibility that a sentence of imprisonment or probation or a suspended sentence of imprisonment may be adjudged." OCGA § 17-12-23 (a) (1). See also OCGA § 17-12-23 (a) (4).

It appears from the slight record before us that Bynum's appeal may fall within the terms of the statute as he seeks to appeal from a conviction that resulted in a prison sentence.[2] Nevertheless, Bynum represents that his requests for counsel have gone unheeded by the public defender's office, and he contends that, consequently, he has been unable to proceed with his appeal. In essence, therefore, Bynum is asserting that the public defender has failed to fulfill the duties prescribed by the IDA. Although the trial court was without the authority to grant Bynum's motion as filed, we find that Bynum is not without recourse as he may seek relief by application for a writ of mandamus.[3] See generally *State v. Wright*, 192 Ga. App. 848, 849 (386

---

[2] In making this supposition, however, we expressly make no determination as to whether the appeal process available to Bynum at this point in time constitutes a "direct appeal" under the terms of OCGA § 17-12-23 (a) (4).

[3] However, we expressly do not, nor can we, determine whether Bynum is entitled to such relief "because cases involving the grant or denial of mandamus are within the exclusive jurisdiction of [the Supreme Court of Georgia] without regard to the underlying subject matter or the legal issues raised." (Citations omitted.) *Ladzinske v. Allen*, 280 Ga. 264 (626 SE2d 83) (2006).

SE2d 720) (1989); *Darden v. Ravan*, 232 Ga. 756, 758 (2) (208 SE2d 846) (1974). The authority to issue such a writ, where appropriate, is vested in the trial court. See generally Art. VI, Sec. I, Par. IV of the Georgia Constitution of 1983; OCGA § 9-6-20.[4]

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED FEBRUARY 15, 2008.

Clyde B. Bynum, *pro se.*

*Joseph K. Mulholland, District Attorney, J. Brown Moseley, Assistant District Attorney*, for appellee.

---

[4] The state's motion to dismiss Bynum's appeal for lack of service is hereby denied.