## A09A1623. BYNUM v. THE STATE.
(684 SE2d 330)

MIKELL, Judge.

Clyde B. Bynum, Jr., was convicted of child molestation in 2002[1] for acts committed against his 15-year-old daughter. He was sentenced to 20 years in prison. Bynum raises nine enumerations of error on appeal. Finding no error, we affirm the judgment of conviction but remand the case to the trial court for a hearing on Bynum's claim of ineffective assistance of trial counsel.

1. We first address Bynum's contention that the evidence is insufficient to support his conviction.

---

[1] Bynum's retained trial attorney filed a timely notice of appeal on October 15, 2002, but did not pursue the appeal. Bynum asserts in his brief that he asked his trial attorney to withdraw two days after the notice of appeal was filed. In 2004, Bynum filed a motion to dismiss his attorney, which the trial court denied. Bynum filed a pro se motion for the appointment of appellate counsel in 2006. The trial court denied the motion, and we affirmed that decision in *Bynum v. State*, 289 Ga. App. 636 (658 SE2d 196) (2008). Bynum's current appellate counsel is representing him through a pro bono project implemented by the Appellate Practice Section of the State Bar of Georgia. Appellate counsel filed an amended notice of appeal on August 18, 2008.

164

On appeal the evidence must be viewed in the light most favorable to support the verdict, and an appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. When the sufficiency of the evidence is challenged, this Court considers whether a rational trier of fact could have found the defendant guilty of the charged offenses beyond a reasonable doubt.[2]

Properly viewed, the evidence shows that one Sunday evening in October 2001, the victim, B. B., and Bynum were home alone. He called B. B. into the living room, told her to sit on his lap, started rubbing her back, and said that if she would "do something for him," he would let her go out with her boyfriend. B. B. testified that she asked Bynum, "do you want me to do housework or yard work or something? And he said no, I want you to do something for me." Bynum told her to lie on the couch and said he would rub her back. Instead, when B. B. lay down on her stomach, he straddled her and rubbed his penis on her rear end. Bynum also pulled her shorts down and started rubbing her rear end. B. B. told him to stop, and he did. However, Bynum persuaded her to take off her shirt and began rubbing her breasts. When B. B. said she wanted to go back to her room, Bynum kept touching her breasts and told her, "you shouldn't be ashamed of these, these are beautiful." B. B. returned to her room, and Bynum asked her for a towel. B. B. brought him a towel; Bynum had his pants down and was playing with himself.

B. B. made an outcry to a friend at school on the following day, and the friend told B. B.'s sister, who immediately sought out B. B. The victim confirmed that Bynum had rubbed her breasts. B. B. and her sister confronted Bynum, who said "he had said he was sorry," apparently to a third party, and explained "that's why he stays outside when we were alone."

Bynum gave a written statement to a sheriff's department investigator, Scott Newberry. Bynum admitted that he had "sexual feelings" for B. B.; that he "could have" pushed down B. B.'s pants and rubbed her bottom; that he "could have" touched her breasts; that he had a "problem" and needed help; and that he was "very sorry" for what happened.

A person commits child molestation when he or she "[d]oes any immoral or indecent act to or in the presence of or with any child

---

[2] (Citation and footnote omitted.) *Howard v. State*, 268 Ga. App. 558 (602 SE2d 295) (2004).

under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person."[3] Bynum contends that there is insufficient evidence for a jury to conclude that he had the requisite intent when he committed the acts in question.

> The intent with which an act is done is peculiarly a question of fact for determination by the jury and even when a finding that the accused had the intent to commit the crime charged is supported by evidence which is exceedingly weak and unsatisfactory the verdict will not be set aside on that ground. Intent, which is a mental attitude, is commonly detectible only inferentially, and the law accommodates this.[4]

In this case, it can be inferred from Bynum's acts of placing his penis on his 15-year-old daughter's rear end, rubbing her bare bottom, rubbing her bare breasts, and masturbating in her presence, that he acted with the intent to arouse or satisfy his sexual desires. The evidence is more than sufficient for any rational trier of fact to find Bynum guilty of child molestation beyond a reasonable doubt.[5]

2. Bynum contends that the trial court erred in admitting his custodial statement into evidence. "Unless clearly erroneous, a trial court's findings relating to the admissibility of an incriminating statement will be upheld on appeal."[6] We discern no error in this case.

The trial court conducted a *Jackson-Denno* hearing, at which Newberry, to whom the statement was given, was the sole witness. Newberry testified that he advised Bynum of his *Miranda* rights; that Bynum understood them; that he was not under the influence of drugs or alcohol; that he indicated that he wanted to get the matter resolved and wanted to talk about it; that he never asked for an attorney; and that Newberry never offered or promised him anything in exchange for making a statement. Bynum signed a waiver certificate indicating his willingness to provide a statement, and the certificate was introduced into evidence at the hearing. On cross-examination, Newberry testified that Bynum was upset, that he had been on medication the previous year for mental health issues, and that Newberry explained to Bynum that he needed help for his

---

[3] OCGA § 16-6-4 (a) (1).

[4] *Whitaker v. State*, 293 Ga. App. 427, 428 (1) (667 SE2d 202) (2008), citing *Howard*, supra at 559.

[5] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[6] (Citation and punctuation omitted.) *Daniel v. State*, 268 Ga. 9, 10 (2) (485 SE2d 734) (1997).

"problem." The state sought to admit an audiotape and a transcript of the interview as well as Bynum's written statement. The court took the matter under advisement.

Subsequently, the court ruled that the audiotape and transcript were inadmissible, but that the written statement could be introduced into evidence. The court entered a written order finding that Bynum was advised of, understood, and waived his *Miranda* rights and that his statement was freely and voluntarily made without hope of benefit. Newberry's testimony, which Bynum did not rebut, authorized the court's finding. Accordingly, the court's ruling on the admissibility of the statement is not clearly erroneous.[7]

Bynum further contends that the trial court should have excluded the waiver certificate from evidence at trial. Bynum objected to the statement on the certificate explaining the nature of the interview. The certificate contains the following preprinted language: "I UNDERSTAND MY RIGHTS. HAVING THESE RIGHTS IN MIND, I AM WILLING NOW TO TALK ABOUT[.]" Underneath, Newberry wrote: "The girl's saying that he was touching them in private parts of there [sic] body." The trial court had excluded similar transaction evidence regarding B. B.'s sister, and counsel argued that the statement implied that there were incidents regarding both girls. The trial court ruled that the voluntariness of the statement was a jury issue, and the jury would need to know that Bynum was advised of the subject of the interview, so the *Miranda* waiver could not be excluded from evidence unless Bynum agreed to stipulate that he gave the statement freely and voluntarily. Bynum declined to so stipulate and argued that the admission of the certificate violated the court's order excluding similar transaction evidence. The trial court disagreed and overruled the objection.

Bynum contends on appeal that the statement was hearsay and improperly placed his character in issue. "[T]estimony is considered hearsay only if the witness is testifying to another party's statement in order to prove or demonstrate the truth of that statement. Otherwise it is a verbal act and thus original evidence rather than hearsay."[8] Here, Bynum's hearsay objection is meritless because Newberry wrote the statement as well as read it into evidence; thus, it was original evidence. As to the character evidence objection, we observe that "the admission of evidence is a matter resting within the sound discretion of the trial court, and appellate courts will not

---

[7] See id. at 9-10 (2); accord *Morgan v. State*, 287 Ga. App. 569, 574 (5) (651 SE2d 833) (2007).

[8] (Citations omitted.) *Hurston v. State*, 194 Ga. App. 226 (390 SE2d 119) (1990).

disturb the exercise of that discretion absent evidence of its abuse."[9] Newberry's explanation of the nature of the interview was highly relevant to whether the statement Bynum gave was voluntary. The trial court did not abuse its discretion in admitting the certificate, even if it incidentally placed his character in issue.[10]

3. Bynum complains that the record does not reflect whether the jury was sworn pursuant to OCGA § 15-12-139, which requires that the judge or clerk of court administer the oath to the trial jury in every criminal case. "The courts of this [s]tate have consistently held that the failure of the record to reflect whether the jury is sworn does not constitute reversible error."[11] "A fear . . . that the oath may not have been given must be met with the rule that, unless shown otherwise, the trial court is presumed to have followed the law."[12]

4. Bynum argues that the state failed to prove venue beyond a reasonable doubt. Generally, a criminal case must be tried in the county in which the crime was committed.[13] The state has the burden of proving venue, and it may do so using either direct or circumstantial evidence.[14] "Whether the evidence as to venue satisfied the reasonable-doubt standard was a question for the jury, and its decision will not be set aside if there is any evidence to support it."[15] In this case, B. B. testified that Bynum molested her in their residence and that the residence was located in Grady County. Venue was established beyond a reasonable doubt.

5. Bynum contends that his Sixth Amendment right to trial by an impartial jury was violated because a female member of the grand jury and a male member of the trial jury shared the same surname, Connell. Bynum asserts, without any evidentiary support whatsoever, that these individuals were either married or related and discussed the case before trial, prejudicing juror Connell's opinion. "To establish a denial of his right to an impartial jury, a defendant must show either actual juror partiality or circumstances inherently

[9] (Citation omitted.) *Maddox v. State*, 278 Ga. App. 191 (2) (628 SE2d 625) (2006). Accord *Whitehead v. State*, 258 Ga. App. 271, 275 (1) (d) (574 SE2d 351) (2002).

[10] See generally *Oliver v. State*, 276 Ga. 665, 666-667 (2) (581 SE2d 538) (2003) (statements about criminal record admissible even though they incidentally placed defendant's character in issue).

[11] (Citations omitted.) *Stokes v. State*, 206 Ga. App. 781 (1) (426 SE2d 573) (1992). Accord *Benton v. State*, 286 Ga. App. 736 (649 SE2d 793) (2007).

[12] (Footnote omitted.) *Primas v. State*, 231 Ga. App. 861, 863 (2) (501 SE2d 28) (1998). See also *Bohin v. State*, 156 Ga. App. 206, 208 (6) (274 SE2d 592) (1980) ("The presumption exists that the judge discharged all his duties, including the swearing of the jury") (citation and punctuation omitted).

[13] Ga. Const. 1983, Art. VI, Sec. II, Par. VI; OCGA § 17-2-2 (a).

[14] *Jones v. State*, 272 Ga. 900, 901-903 (2) (537 SE2d 80) (2000).

[15] (Citation omitted.) *Ortiz v. State*, 295 Ga. App. 546-547 (1) (672 SE2d 507) (2009).

prejudicial to that right."[16] Such a showing cannot be made by the rank speculation asserted herein. Moreover, the record reflects that voir dire was not transcribed because there were no objections and no motions. Accordingly, Bynum has waived his right to complain on appeal about any purported irregularity during voir dire.[17]

6. Bynum also asserts that because voir dire was not transcribed, it is impossible to determine whether any errors occurred therein, so the judgment should be reversed or the case should be remanded to the trial court pursuant to OCGA § 5-6-41 (f). We disagree. "A general unspecified hope of reversible error during voir dire does not win a new trial on the ground that a record should have been made so as to accommodate a search for error now buried in unrecorded history."[18]

Bynum makes similar complaints concerning his inability to discern whether error occurred during opening statements and closing arguments because those proceedings were not transcribed. This enumeration of error fails because arguments of counsel are statutorily excepted from the recording requirement of OCGA § 17-8-5 (a).[19]

7. Bynum argues that his trial counsel was ineffective in numerous respects and that a remand is necessary to develop a record on his claim. Because trial counsel did not file a motion for new trial, the ineffective assistance of counsel issue was not raised in the trial court. "Generally, when the appeal presents the first opportunity to raise an ineffective assistance claim, we remand the case to the trial court for an evidentiary hearing on the issue."[20] In this case, Bynum's arguments, especially that he was prejudiced by counsel's failure to investigate his mental health status at the time he waived his *Miranda* rights, cannot be decided as a matter of law on the existing record.

Accordingly, we remand this case to the trial court for a hearing and determination on the ineffective assistance claim. If the trial court concludes that trial counsel was ineffective, Bynum is entitled to a new trial. On the other hand, if the trial court finds that Bynum received effective assistance, he may appeal the trial court's ruling within 30 days thereafter.

8. Bynum contends that the seven-year delay in the appellate

---

[16] (Citation omitted.) *Davis v. State*, 229 Ga. App. 787, 788 (1) (a) (494 SE2d 702) (1997).

[17] See *Braley v. State*, 276 Ga. 47, 52 (18) (572 SE2d 583) (2002).

[18] (Punctuation omitted.) *Sharp v. State*, 278 Ga. 352, 354 (3) (602 SE2d 591) (2004), citing *Primas*, supra at 863 (2).

[19] *Primas*, supra at 862 (1).

[20] (Citation and punctuation omitted.) *Pinkston v. State*, 277 Ga. App. 432, 433 (2) (626 SE2d 626) (2006).

process violated his constitutional due process rights. In *Chatman v. Mancill*,[21] the Supreme Court of Georgia held that the speedy trial factors set forth in *Barker v. Wingo*[22] should be applied to claims asserting due process violations based on an inordinate delay in the appellate process.[23] The four *Barker* factors are the length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.[24] In *Chatman*, the Court determined that

> the prejudice necessary to establish a due process violation based on post-conviction direct appeal delay is prejudice to the ability of the defendant to assert his arguments on appeal and, should it be established that the appeal was prejudiced, whether the delay prejudiced the defendant's defenses in the event of retrial or resentencing.[25]

The Court concluded that "appellate delay is prejudicial when there is a reasonable probability that, but for the delay, the result of the appeal would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."[26] In the case at bar, pretermitting whether the record establishes any of the first three *Barker* factors, it cannot yet be determined whether Bynum can establish prejudice as a result of the delay in his appeal. Such a determination must await the outcome of the hearing on the ineffective assistance claim.

*Judgment affirmed and case remanded with direction. Johnson, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 22, 2009 

*Krevolin & Horst, David A. Sirna*, for appellant.
*Joseph K. Mulholland, District Attorney, William J. Hunter, Assistant District Attorney*, for appellee.

---

[21] 280 Ga. 253 (626 SE2d 102) (2006).

[22] 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972).

[23] *Chatman*, supra at 257 (2) (a).

[24] *Barker*, supra at 530 (IV).

[25] (Citations and footnote omitted.) *Chatman*, supra at 260 (2) (e). Accord *Cail v. State*, 287 Ga. App. 547, 554 (5) (652 SE2d 190) (2007) (no prejudice in delaying a meritless appeal).

[26] (Citations and punctuation omitted.) *Chatman*, supra at 260-261 (2) (e).