A09A1596. WALLACE v. THE STATE.
(691 SE2d 557)

ADAMS, Judge.

Eric Keith Wallace, Jr., was tried by a jury and convicted of armed robbery, aggravated assault, use of a firearm by a convicted felon, possession of a weapon during the commission of a crime, pointing a pistol at another, carrying a concealed weapon, and carrying a pistol without a license. On appeal he contends the trial court erred by admitting a prior felony conviction in the State's case-in-chief and by failing to merge pointing a pistol with armed robbery.

Construed in favor of the verdict, the facts show that while Jorge Chavez was washing his car at a carwash, Wallace was sitting in a nearby car in the driver's seat. Wallace called to Chavez, and Chavez

---

walked toward him, at which point Wallace drew a gun, aimed it at Chavez, and demanded his wallet. Chavez stepped toward the car and turned around so that Wallace could take the wallet, which he did. The incident made Chavez afraid. Wallace then drove off in a red car. Chavez identified Wallace at trial as the robber.

1. Wallace contends the trial court erred by allowing the State to admit Wallace's prior felony conviction in the State's case-in-chief. Although Wallace objected at trial to the document, he only objected on the ground that it was being offered without a witness. On appeal he contends the evidence was inadmissible evidence of bad character and that at the time the document was offered, he had not elected to testify and no evidence of good character had been offered that might open the door to its introduction. Failure to object to evidence on a certain ground in the trial court waives consideration of that ground on appeal. *Henley v. State*, 281 Ga. App. 242, 243 (2) (635 SE2d 856) (2006) (objection to evidence of defendant's bad character waived by failing to raise the issue in trial court); *Ramsay v. State*, 220 Ga. App. 618, 624 (5) (469 SE2d 814) (1996) (same).

2. Wallace contends that his conviction of pointing a pistol at another should have been merged with the conviction of armed robbery. The State agrees, as do we.

In Count 1 of the indictment, Wallace was charged with armed robbery in that he "with intent to commit theft did take . . . the property of Jorge Chavez . . . by use of a semi-automatic handgun, an offensive weapon." In Count 5, he was charged with pointing a pistol at another in that he "did intentionally and without legal justification point a pistol at another person, to wit: Jorge Chavez."

A person cannot be convicted of more than one crime if one is included in the other. OCGA § 16-1-7 (a) (1). For the purposes of this case, a crime is so included when it "is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of [the other crime]." OCGA § 16-1-6 (1). Here, the crime of armed robbery was established by proof that Wallace drew a gun, aimed it at Chavez with intent to commit theft, and demanded his wallet. The crime of pointing a pistol was established by proof that Wallace aimed the gun at Chavez with intent to commit theft, which establishes the lack of legal justification. Thus, under the facts of this case, Count 5 was included in Count 1; it therefore merges as a matter of fact with the greater crime. See, e.g., *Wilson v. State*, 295 Ga. App. 545 (2) (672 SE2d 516) (2009) (convictions supported by identical evidence should have been merged). Compare *Wilson v. State*, 285 Ga. 224, 226 (2) (675 SE2d 11) (2009) (crimes did not merge as a matter of fact). Consequently, we vacate Wallace's sentence on these counts and remand for resentencing.

*Judgment affirmed in part, vacated in part and case remanded with direction. Blackburn, P. J., and Doyle, J., concur.*

DECIDED FEBRUARY 18, 2010.

*James W. Bradley*, for appellant.
*Tracy G. Lawson, District Attorney, Billy J. Dixon, Assistant District Attorney*, for appellee.