## A10A1360. HOUSE v. THE STATE.
(701 SE2d 606)

MILLER, Chief Judge.

Following a bench trial, Keith Manuel House was convicted of one count of aggravated assault (OCGA § 16-5-21 (a) (2)) and one count of possession of a firearm during the commission of a felony (OCGA § 16-11-106). On appeal, House contends that there is insufficient evidence for the trier of fact to conclude that he had the requisite intent to commit the aggravated assault at issue. Discerning no error, we affirm.

Upon a finding of guilt following a bench trial, the presumption of innocence no longer applies, and the appel-

late court construes the evidence in favor of the judge's determination of the defendant's guilt. The appellate court does not weigh the evidence or determine witness credibility, but merely determines the sufficiency of the evidence.

(Punctuation and footnote omitted.) *Davidson v. State*, 295 Ga. App. 702, 702-703 (673 SE2d 91) (2009).

Moreover, the issue of whether an act is done with criminal intent

> is peculiarly a question of fact for determination by the [trier of fact] and even when a finding that the accused had the intent to commit the crime charged is supported by evidence which is exceedingly weak and unsatisfactory the verdict will not be set aside on that ground. Intent, which is a mental attitude, is commonly detectible only inferentially, and the law accommodates this.

(Footnote omitted.) *Bynum v. State*, 300 Ga. App. 163, 165 (1) (684 SE2d 330) (2009).

Viewed in the light most favorable to the trial court's verdict, the evidence shows that House wielded a handgun during the course of a fight with Tony Howard in which Howard was shot. At the bench trial of the case, a custodial statement given by House to police shortly after the shooting was admitted in evidence. Therein, House stated while Howard held him in a headlock and backed him into a chair, he pulled his handgun from his right front pocket and held it in his hand to prevent it from discharging into himself, Howard, or others. House further explained that his arm then swung around and that the gun "just went off" hitting Howard.

Arguing that the evidence established the affirmative defenses of accident and self-defense, House asserts that his conviction of aggravated assault cannot be sustained for lack of evidence showing that he acted with the required criminal intent. We disagree.

"In order for a defendant to have a legal affirmative defense, he must admit the elements of the crime, but seek to justify, excuse or mitigate the offense by showing there was no criminal intent." (Footnote omitted.) *Martin v. State*, 300 Ga. App. 419, 421 (4) (685 SE2d 399) (2009). House elected not to testify at trial in apparent reliance upon the State's evidence of his custodial statement in which he explained that the weapon discharged accidentally as he held it in his hand in a failed attempt to prevent what occurred.

Under these circumstances, we conclude the evidence was sufficient for any trier of fact to find House guilty of aggravated assault beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC

2781, 61 LE2d 560) (1979); *Bynum*, supra, 300 Ga. App. at 165 (1).
*Judgment affirmed. Phipps, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 17, 2010.

*Jason R. Hasty*, for appellant.
*Ashley Wright, District Attorney, Madonna M. Little, Charles R. Sheppard, Assistant District Attorneys*, for appellee.