A11A0341. WILLIAMS v. THE STATE.
(707 SE2d 532)

MIKELL, Judge.

After a bench trial in the Superior Court of Dougherty County, Anthony Williams, Jr., was convicted of theft by taking a motor vehicle and sentenced as a first offender to seven years probation. On appeal, Williams challenges the sufficiency of the evidence. We affirm.

> On appeal from a bench trial resulting in a criminal conviction, we view all evidence in the light most favorable to the trial court's judgment of conviction, and the defendant no longer enjoys the presumption of innocence. We do

not re-weigh testimony, determine witness credibility, or address assertions of conflicting evidence; our role is to determine whether the evidence presented is sufficient for a rational trier of fact to find guilt beyond a reasonable doubt.[1]

So viewed, the evidence shows that Phyllis Mason, Williams's sister, testified that on September 20, 2007, she drove her uncle Ruben Thomas's car to her mother's home, where Williams lived, and asked him to wash the car. Mason further testified that she moved the car from the side of the road to the yard and left the keys in the ignition so that Williams could close the windows. After washing the car, Williams drove it into a tree, causing extensive damage.

Mason testified that Williams did not have a driver's license and that she had not given him permission to drive the car. Sergeant Maurice Jones, who investigated the accident, testified that Mason told him that Williams did not have permission to drive the car. Thomas testified that Mason told him that Williams had crashed the car; that Williams did not have permission to drive the car; that the car was totaled; and that Thomas's insurance company paid off the loan on the car.

Williams testified that Mason gave him the keys to the car so that he could move it from the side of the road into the yard to wash it; that he drove the car around the block to let the air dry the car; that Mason was standing on the porch of the house when he was driving away; and that he drove the car into a tree. Williams acknowledged that he did not have a driver's license and that he knew he should not be driving the car without one. After the close of evidence, the trial court found Mason's testimony to be credible and concluded that Williams was guilty of theft by taking.

> A person commits the offense of theft by taking when he unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated.[2]

Here, Mason unequivocally testified that Williams took the car without her permission. Williams admitted that he drove the car around the block and crashed it into a tree but testified that Mason knew that he would drive the car because he had to move it into the

---

[1] (Citation and punctuation omitted.) *Mays v. State*, 306 Ga. App. 507 (703 SE2d 21) (2010).

[2] OCGA § 16-8-2.

yard and that she saw him drive away. "To the extent [Mason]'s testimony conflicted with [Williams]'s, it was the function of the trial court as the trier of fact — not this Court — to resolve the conflict."[3] The trial court was authorized to believe Mason's testimony, and that testimony, alone, was sufficient to authorize the trial court's finding of guilt.[4]

Williams argues that the evidence did not establish his criminal intent to use the car for his own purposes. But "his intent to take it for his own temporary use without the owner's authorization evinces an intent to commit a theft."[5] Moreover, whether the requisite criminal intent existed is a question for the trier of fact,[6] which the trial court did not resolve in Williams's favor.

> [T]he issue of whether an act is done with criminal intent is peculiarly a question of fact for determination by the trier of fact and even when a finding that the accused had the intent to commit the crime charged is supported by evidence which is exceedingly weak and unsatisfactory the verdict will not be set aside on that ground. Intent, which is a mental attitude, is commonly detectible only inferentially, and the law accommodates this.[7]

Here, there was evidence to support the trial court's conclusion that Williams possessed the requisite intent.

Williams also argues that the state's case was based on circumstantial evidence, which required the state to exclude every other reasonable hypothesis except Williams's guilt.[8] However, the state's case was not based solely on circumstantial evidence. Mason's testimony constituted direct evidence, upon which a finder of fact could base its determination that Williams was guilty of theft by taking. Therefore, we affirm the judgment of the trial court.

*Judgment affirmed. Smith, P. J., and Dillard, J., concur.*

---

[3] (Footnote omitted.) *Marshall v. State*, 286 Ga. App. 86, 87 (1) (648 SE2d 674) (2007).

[4] See *King v. State*, 214 Ga. App. 406, 407 (3) (447 SE2d 712) (1994) (victim's testimony that defendant took items without her permission was sufficient to authorize conviction of theft by taking).

[5] *Smith v. State*, 172 Ga. App. 356, 357 (2) (323 SE2d 257) (1984) (defendant's intention to take a car battery to charge another car, although he claimed he did not intend to keep the battery, sufficiently evinced his intent to commit theft). Accord *Thornton v. State*, 301 Ga. App. 784, 791-792 (3) (b) (689 SE2d 361) (2009).

[6] *Howell v. State*, 188 Ga. App. 425, 426 (1) (373 SE2d 216) (1988).

[7] (Citation and punctuation omitted.) *House v. State*, 306 Ga. App. 154, 155 (701 SE2d 606) (2010).

[8] See OCGA § 24-4-6.

DECIDED MARCH 8, 2011.

*Kevin C. Armstrong*, for appellant.

*Gregory W. Edwards, District Attorney, Matthew Breedon, Assistant District Attorney*, for appellee.