A11A1209. WASHINGTON v. THE STATE.
(715 SE2d 793)

MIKELL, Judge.

In connection with two incidents of home invasion, Shangia Washington was found guilty by a jury and convicted of two counts each of burglary, armed robbery, and possession of a knife during the commission of a crime. He appeals the denial of his motion for new trial. We affirm.

---

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict and an appellant no longer enjoys the presumption of innocence. This Court determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), and does not weigh the evidence or determine witness credibility. Any conflicts or inconsistencies in the evidence are for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the [s]tate's case, we must uphold the jury's verdict.[1]

Properly viewed, the record reflects that in the early morning hours of April 9, 2006, an intruder climbed through a hole cut in a window screen of Lillie Mae Robinson's house. The intruder threatened her with a knife, demanded money, and took from her a bank envelope containing cash. That same night, an intruder broke into Thomas Bagley's residence by climbing through a hole cut in a window screen. The intruder held a knife to Bagley's throat, demanded money and weapons, and picked up Bagley's cordless phone. When Bagley activated his house alarm, the intruder fled, taking the cordless phone with him. Robinson and Bagley each identified the intruder as Washington, both in a police photo array and at trial. Washington testified at trial and called witnesses to present an alibi defense. He testified that he was too drunk on the night in question to have committed these break-ins.

1. Washington argues that the state's evidence fails to satisfy the standard set forth in *Jackson*[2] because there were weaknesses in the victims' testimony. Robinson did not identify Washington to the police when she first reported the break-in, even though she knew who he was; and Bagley testified that he could see the intruder well enough to identify him by the light of a single 15-watt bulb. However, the credibility of the victims was solely a matter to be resolved by the jury.[3] The victims both provided direct testimony, and their testimony was sufficient to support Washington's convictions for the charged crimes.[4] Therefore, contrary to Washington's contention, the rule applicable to convictions based on circumstantial evidence, that the evidence must "exclude every other reasonable hypothesis

---

[1] (Citations omitted.) *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004).

[2] Supra.

[3] See *Robinson v. State*, 297 Ga. App. 43, 45 (1) (676 SE2d 770) (2009).

[4] See *Wallace v. State*, 289 Ga. App. 497, 498-499 (657 SE2d 874) (2008) ("the testimony of a single witness is generally sufficient to establish a fact, and this includes a victim's uncorroborated identification of an assailant") (citation and punctuation omitted).

save that of the guilt of the accused,"[5] does not apply to the case at bar.[6] Washington's challenge to the sufficiency of the evidence is without merit.

2. Washington argues that the state improperly placed his character into issue. The investigating officer testified that he directed that Washington's photograph be put in the police photo array because he "had received information that [Washington] was a possible suspect." Questioning of the officer continued. A short time later, Washington moved to strike this testimony from the record and moved for a mistrial, without providing any ground for his objection or his motion for mistrial. The trial court denied Washington's motion for mistrial and offered to give a curative instruction, which Washington agreed to "think about." Washington did not raise the issue again and the trial court did not rule on it.

Washington has waived consideration of this alleged error. Because he failed to object to this testimony in a timely manner and on the specific grounds he now asserts on appeal, we are precluded from considering this issue on appeal.[7]

*Judgment affirmed. Smith, P. J., and Dillard, J., concur.*

DECIDED AUGUST 15, 2011.

*Martin H. Eaves*, for appellant.

*Richard E. Currie, District Attorney, Michelle C. McIntire, Assistant District Attorney*, for appellee.

---

[5] OCGA § 24-4-6.

[6] See *Williams v. State*, 308 Ga. App. 296, 298 (707 SE2d 532) (2011).

[7] See *Henley v. State*, 281 Ga. App. 242, 243 (2) (635 SE2d 856) (2006) ("an objection must specify the evidentiary rule at issue").

