## A11A1642. BYNUM v. THE STATE.
### (726 SE2d 428)

MIKELL, Presiding Judge.

Clyde B. Bynum, Jr., was convicted of child molestation in 2002 for acts committed against his 15-year-old daughter. In the instant case, his third appeal before this court, he appeals from the trial court's order finding, contrary to his contentions, that his trial counsel was effective.[1] In the second of Bynum's appeals, *Bynum v. State (Bynum II)*,[2] which is relevant to the instant case, we upheld, inter alia, the sufficiency of the evidence supporting Bynum's conviction, but remanded the case to the trial court for an evidentiary hearing on whether Bynum's trial counsel was ineffective; we also found that, pending a decision on that issue, we could not address

---

[1] Bynum's notice of appeal indicates that he is appealing from the denial of a motion for a new trial; and the trial court's order determining counsel's effectiveness, which was drafted by the district attorney's office representing appellee, contains a one-sentence denial of a motion for new trial. However, these references appear to be the result of scriveners' errors or the erroneous inclusion of inapt language in a form order. No oral or written motion for a new trial, nor any other evidence that such existed or that any hearing was held, appears in the record before us.

[2] 300 Ga. App. 163 (684 SE2d 330) (2009). See also *Bynum v. State*, 289 Ga. App. 636 (658 SE2d 196) (2008) (*Bynum I*).

Bynum's contentions related to a delay in the appellate process.[3] We fully adopt the facts and procedural history in *Bynum II* and do not recount them here.[4] Bynum appeals from the trial court's denial of his claim that counsel was ineffective, alleging that: (1) the trial court erred in finding his trial counsel effective; (2) the trial court erred in applying an incorrect legal standard to determine counsel's effectiveness; and (3) a seven-year delay in the appellate process violated his constitutional due process rights. Finding no error, we affirm.

On appellate review of a trial court's determination as to effectiveness of counsel, Bynum, under a two-part test, first must show

> that counsel's performance was deficient and [second,] that, but for that deficient performance, there is a reasonable probability that the outcome of his trial would have been different. In evaluating the first prong of this test, a strong presumption exists that counsel's conduct falls within the broad range of professional conduct. Failure to satisfy either component of this test is fatal to an ineffectiveness claim. Moreover, the court need not address both components if the defendant has made an insufficient showing on one of them. On appellate review of the trial court's ruling, we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.[5]

1. Bynum elected not to testify in his own defense at trial. On appeal, he argues that trial counsel was ineffective in failing to file a written request to charge and in not orally requesting a charge or instruction to the jury on his decision not to testify. He also asserts ineffectiveness because counsel did not object to or reserve the right to object to the trial court's charges, which, a careful review of the record shows, apparently did not include a charge on Bynum's election not to testify.

(a) Bynum argues that he was prejudiced because, if counsel had requested a jury charge on his decision not to testify, the trial court's failure to give such a charge would have been error requiring a new trial, given that the suggested pattern jury instructions require the

---

[3] Id. at 168-169 (7), (8).

[4] Id. at 163-164 (1).

[5] (Punctuation and footnotes omitted.) *Strickland v. State*, 311 Ga. App. 400, 402 (2) (715 SE2d 798) (2011).

charge be given if requested.[6] As it is impossible to know in retrospect what the court would have done had the charge been requested, this argument fails. An ineffectiveness claim is judged by whether counsel rendered reasonably effective assistance, not by hindsight.[7]

At the ineffectiveness hearing, Bynum's trial counsel testified that he remembered no problems with the jury charges or instructions, but he did not recall his actions regarding any charging requests. "The decision whether to request a particular jury charge falls within the realm of trial tactics and strategy."[8] In a case involving trial counsel who did not request a particular jury charge, we held:

> There is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance and that any challenged action might be considered sound trial strategy. In the absence of testimony to the contrary, counsel's actions are presumed strategic.[9]

Finally, our review of the record indicates that the evidence of Bynum's guilt was so clear-cut and overwhelming that the alleged instances of ineffectiveness of counsel could not have prejudiced his defense.[10]

(b) As to trial counsel's neither reserving an objection nor objecting when the trial court did not charge the jury related to Bynum's decision not to testify, we note that the charge at issue, from Suggested Pattern Jury Instructions § 1.32.10, supra, by its own terms,

---

[6] Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (4th ed.), § 1.32.10 Defendant's Failure to Testify ("(*Not required unless requested.*) . . . If the defendant elects not to testify, no inference hurtful, harmful, or adverse to the defendant shall be drawn by the jury, nor shall such fact be held against the defendant in any way") (emphasis in original).

[7] *Burnette v. State*, 291 Ga. App. 504, 509 (1) (e) (iii) (662 SE2d 272) (2008).

[8] *Duvall v. State*, 273 Ga. App. 143, 147 (3) (h) (614 SE2d 234) (2005).

[9] (Punctuation and footnote omitted.) Id. at 147 (3) (g). See also *Strickland v. Washington*, 466 U. S. 668, 689-690 (III) (A) (104 SC 2052, 80 LE2d 674) (1984) (defendant must show counsel's failure to take an action fell below objective standard of reasonableness under circumstances confronting counsel at that time). Accord *Sweet v. State*, 278 Ga. 320, 326 (8) (602 SE2d 603) (2004) (in the absence of evidence to the contrary, counsel's actions are presumed strategic).

[10] *Brown v. State*, 192 Ga. App. 867 (1), (2) (386 SE2d 673) (1989) (trial counsel not ineffective in failing to request jury instruction on defendant's failure to testify where record showed overwhelming evidence of defendant's guilt); *Mitchell v. State*, 282 Ga. 416, 421 (6) (e) (651 SE2d 49) (2007) (trial counsel not ineffective in failing to request jury instruction on defendant's failure to testify where evidence of guilt was overwhelming and record showed no improper reference by state requiring curative instruction).

is "[n]ot required unless requested."[11]

> When a defendant raises an ineffectiveness claim based on counsel's failure to except to certain jury charges or to preserve the right to do so on appeal, the defendant must show that the charges in question were erroneous and that, if proper charges had been given, there is a reasonable probability that the result of the trial would have been different.[12]

As the trial court did not err in not giving a charge that is not required, "[t]he failure to pursue a futile objection does not amount to ineffective assistance."[13]

2. Because we have concluded that Bynum failed to prove that his trial counsel's performance was either deficient or prejudicial, "we need not address [his] separate contention that the trial court applied the wrong legal standard for determining whether trial counsel's alleged deficiency was prejudicial."[14]

3. Bynum alleges that a nearly seven-year delay between his conviction on September 16, 2002, and the docketing of his initial direct appeal (*Bynum II*) on April 23, 2009,[15] violates his constitutional due process rights.

Our Supreme Court has expressed the view that while "there is no Sixth Amendment right to a speedy appeal . . . [o]n the other hand, due process concepts necessarily become implicated when substantial delays are experienced during the criminal appellate process."[16] When the appellant already has been convicted and inordinate appellate delay potentially presents such issues, those issues are to be reviewed under a modified version of the analysis used for evaluation of speedy trial interests,[17] as presented in *Barker v. Wingo*.[18] "Absent an abuse of discretion, the decision of the trial court must be affirmed. Significantly, there is no ruling of the trial court to review

---

[11] (Punctuation omitted.)

[12] (Footnote omitted.) *Burnette*, supra at 509-510 (1) (f) (iii).

[13] (Citation and punctuation omitted.) *Bellamy v. State*, 312 Ga. App. 899, 903-904 (3) (c) (720 SE2d 323) (2011).

[14] (Citation omitted.) *Coats v. State*, 303 Ga. App. 818, 825 (3), n. 4 (695 SE2d 285) (2010).

[15] Bynum also alleges a nearly nine-year delay between his conviction and the ineffective assistance of counsel claims addressed in the instant appeal. As noted above, those ineffectiveness claims were raised and addressed by this court in *Bynum II*, and this court remanded them to the trial court for a hearing.

[16] (Citations and punctuation omitted.) *Walker v. State*, 247 Ga. 484, 485 (277 SE2d 242) (1981).

[17] *Chatman v. Mancill*, 280 Ga. 253, 256-257 (2) (a) (626 SE2d 102) (2006).

[18] 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972).

for abuse of discretion, as [Bynum] failed to raise this issue below. As a result, he may not raise this issue for the first time on appeal."[19]

*Judgment affirmed. Dillard and Boggs, JJ., concur.*

DECIDED MARCH 7, 2012 —
RECONSIDERATION DENIED APRIL 3, 2012 —

*Krevolin & Horst, David A. Sirna, Adam M. Hames*, for appellant.

*Joseph K. Mulholland, District Attorney*, for appellee.

---

[19] (Citation, punctuation and footnote omitted.) *Butler v. State*, 277 Ga. App. 57, 64 (5) (625 SE2d 458) (2005). See also *Mullins v. State*, 270 Ga. 450, 451 (3) (511 SE2d 165) (1999) (failure to raise constitutional right to speedy trial at trial court level waives right to do so on appeal); *Rogers v. State*, 290 Ga. 401, 409 (5) (721 SE2d 864) (2012) (in context of appellate counsel's alleged ineffectiveness, failure to raise delay in arrest and indictment under Fifth and Fourteenth Amendment due process rights at trial court level forfeits right to raise issue on appeal).