A07A2176. WALLACE v. THE STATE.
(657 SE2d 874)

BERNES, Judge.

A Fulton County jury convicted Mario Wallace of armed robbery and aggravated assault. On appeal, Wallace contends that the evidence of identification was insufficient to sustain his convictions. For the reasons that follow, we affirm.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and an appellant no longer enjoys the presumption of innocence. This court determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*[, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)] and does not weigh the evidence or determine witness credibility.

(Footnote omitted.) *Pringle v. State*, 281 Ga. App. 230 (1) (635 SE2d 843) (2006).

So viewed, the evidence at trial showed that after attending an Atlanta Braves evening game at Turner Field, the victim and his 13-year-old daughter walked back to their car parked 2 1/2 to 3 blocks south of the stadium. As they approached their car, the victim observed Wallace running toward them. The victim instructed his daughter to get in the car and to shut the door immediately. But, before the victim's daughter could comply, Wallace arrived at the car and placed his hand inside the door to prevent it from closing. Wallace

then leaned inside the vehicle, pointed a handgun at the victim's daughter's face, and demanded their money.

The victim's daughter was "extremely upset and nervous" and "visibly shaken." The victim told Wallace that his daughter had no money and convinced Wallace to move the gun away from his daughter's face. Wallace then pointed the gun at the victim and repeated his demand for money. The victim tossed the money from his wallet to Wallace. Wallace took the money and walked away toward the nearby residential neighborhood.[1]

The victim called 911 and officers arrived within minutes of the dispatch call. The victim gave the officers a description of the perpetrator, including his race, approximate age, height, weight, and clothing. After making his report at the scene, the victim followed an officer to the police precinct and looked through approximately 250 photographs of possible suspects. Wallace's photograph was not included in those photos and the victim did not make an identification at that time.

A week later, as a result of information gathered in the community, Wallace became a suspect in the police investigation. Wallace's photograph was included in a computer-generated photographic lineup, which the victim viewed at the police precinct. The victim immediately selected Wallace's photograph and identified him as the perpetrator of the armed robbery.[2]

The victim also identified Wallace as the perpetrator at trial. The victim testified that the armed robbery lasted for approximately two to three minutes; he had been within two feet and "face to face" with Wallace; and that the area was well lit by the lights inside the vehicle, an adjacent street light, and lights from the nearby interstate. The victim also noted that as a former military police investigator, he had been trained to focus upon the perpetrator during the dangerous situation.

The evidence cited above was sufficient to authorize Wallace's convictions. See OCGA §§ 16-5-21 (a) (1), (2); 16-8-41 (a). See also *Lattimore v. State*, 282 Ga. App. 435, 435-436 (1) (638 SE2d 848) (2006); *Cockrell v. State*, 248 Ga. App. 359, 360-361 (1) (a), (b) (545 SE2d 600) (2001). Wallace nevertheless argues that the victim's identification was insufficient and that there was no corroborating physical evidence connecting him to the crimes. However, "the testimony of a single witness is generally sufficient to establish a fact, and

---

[1] The police investigation revealed that Wallace resided in a neighborhood that was within a two- to three-minute walk from the location of the armed robbery incident.

[2] Following a hearing, the trial court denied Wallace's motion to suppress the photographic lineup. Wallace does not challenge the trial court's ruling in this appeal.

this includes a victim's uncorroborated identification of an assailant. The lack of corroboration goes only to the weight of the evidence and the victim's credibility, matters which are solely within the purview of the jury." (Footnote omitted.) *Pringle*, 281 Ga. App. at 233 (1). "[I]dentity is a question for the trier of fact, and where a witness identifies a defendant, the credibility of the witness making such identification is not to be decided by this court." (Citation and punctuation omitted.) *Tiggs v. State*, 287 Ga. App. 291, 293 (b) (651 SE2d 209) (2007). See also *Pringle*, 281 Ga. App. at 233 (1); *Hawkins v. State*, 242 Ga. App. 603, 604-605 (2) (528 SE2d 853) (2000).

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 5, 2008.

*Carl P. Greenberg*, for appellant.
*Paul L. Howard, Jr., District Attorney, Stephany J. Luttrell, Assistant District Attorney*, for appellee.