## A09A2038. McKENNEY v. THE STATE.
(693 SE2d 541)

DOYLE, Judge.

Following a jury trial, Vance McKenney appeals his conviction of aggravated assault, rape, and kidnapping, contending (1) that the evidence was insufficient to support the verdict, (2) that he received ineffective assistance of counsel, and (3) that he was denied due process by the prosecutor's cross-examination of a witness resulting in her confusion. Finding no merit to his arguments, we affirm.

Viewed in favor of the verdict,[1] the evidence shows that after amicably breaking up with a woman whom he dated, McKenney visited her residence in a rage. He accused her of having him arrested, cursed her for ruining his life, and told her he was going to "f—k up" her life and kill her. He jerked the telephone off the wall and hit the woman in the face with his fists. He attempted to choke her with his arm, then the shower curtain, and then a shirt. Unable to choke her, McKenney forced the woman to disrobe, cutting her clothes off with a knife and binding her hands with a belt. He then told her to stand still while he threw a butcher knife at her, missing. McKenney then pulled the woman to her bedroom where he forced her to have intercourse with him.[2] McKenney then told her they were both going to die, "but I can't do it sober," so he forced her to join him on a car trip to obtain alcohol and drugs. Having done so, McKenney later dropped the woman off at her residence and told her not to contact anyone. When McKenney was safely out of sight, the woman contacted a neighbor who called the police.

McKenney was later arrested and charged with aggravated assault, aggravated sodomy, rape, kidnapping, and theft by taking. He was convicted of all but the aggravated sodomy charge (verdict of not guilty) and theft by taking (nolle prossed). Following the denial of his motion for new trial, he filed this appeal.

1. McKenney contends that the evidence did not suffice to support the guilty verdict, essentially arguing that the victim was not a credible witness.

---

[1] See *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

[2] The victim accused McKenney of forcing her to perform oral sex, but the jury acquitted McKenney of an aggravated sodomy count.

The standard of review for sufficiency of the evidence [in a criminal case] is set out in *Jackson v. Virginia*.[3] The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. In addition, appellant no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses.[4]

McKenney does not dispute that the evidence as summarized above supported a finding of guilt as to the rape, aggravated assault, and kidnapping charges. Instead, he argues that the evidence amounted to a "he-said-she-said" case. He simply seeks a re-weighing of the evidence and argues that the police did not sufficiently investigate, that the victim failed to adequately explain why she did not attempt to flee or seek help during the encounter, and points to testimony from the treating emergency room doctor that the victim's wounds were "minor."[5]

This Court does not re-weigh the evidence or assess witness credibility.[6] The victim testified in detail as to the events supporting the guilty verdict, and "the testimony of a single witness is generally sufficient to establish a fact."[7] This includes a victim's uncorroborated descriptions.[8] "The lack of corroboration goes only to the weight of the evidence and the victim's credibility, matters which are solely within the purview of the jury."[9] Furthermore, even if corroborating evidence was required, it was present in the form of McKenney's admission that he had sex with the victim, the victim's cut and torn clothing, the observations and testimony of the treating emergency room doctor, the butcher knife used in the attack, and a hole in the wall made by the thrown knife. Accordingly, this enumeration is without merit.

2. McKenney contends he received ineffective assistance of counsel because his attorney failed to persuade him that calling a certain witness to the stand would hurt his defense. We disagree.

---

[3] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] (Punctuation omitted.) *Taylor v. State*, 266 Ga. App. 818 (598 SE2d 122) (2004).

[5] McKenney ignores the fact that the doctor stated that the wounds, which required no stitches or immediate repair, were nevertheless "consistent with someone who had just been pummeled and beaten real hard."

[6] See *Taylor*, 266 Ga. App. at 818.

[7] (Punctuation omitted.) *Wallace v. State*, 289 Ga. App. 497, 498 (657 SE2d 874) (2008).

[8] See id. at 499.

[9] (Punctuation omitted.) Id.

To succeed on an ineffective assistance claim, a criminal defendant must demonstrate both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance.[10] "There is a strong presumption that the performance of trial counsel falls within the wide range of reasonable professional assistance. The reasonableness of the conduct is viewed at the time of trial and under the circumstances of the case."[11] If an appellant fails to meet his burden of proving either prong of the *Strickland* test, the reviewing court need not examine the other prong.[12] In reviewing the trial court's decision, "[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts."[13]

McKenney focuses on the testimony of his former employer at a restaurant who was called by the defense to testify that she saw McKenney and the victim behaving affectionately toward one another on the day before the attack. At the motion for new trial hearing, McKenney's trial counsel testified that, based on counsel's pre-trial interview of the employer, he did not think the employer would make a good witness at trial. Nevertheless, because McKenney was "very active and very insistent" that the employer testify on his behalf, trial counsel acquiesced and called the employer as a witness. On cross-examination, the State was able to elicit from the witness a concession that she was not exactly sure of the month in which McKenney came to work for her, thus bringing into question her testimony that she saw McKenney and the victim on the day before the attack.

McKenney argues that the poor performance of the witness could have been avoided had his trial counsel ignored his "very insistent" demand that the witness be called to testify. However, "[c]ounsel are strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment, and counsel's performance is evaluated without reference to hindsight."[14] The motion for new trial transcript contains evidence that trial counsel weighed the risks of calling the witness against his own advice and concluded that ignoring his

---

[10] See *Strickland v. Washington*, 466 U. S. 668, 687-688, 694 (III) (A)-(B) (104 SC 2052, 80 LE2d 674) (1984).

[11] (Citation and punctuation omitted.) *Williams v. State*, 277 Ga. 853, 857 (6) (596 SE2d 597) (2004).

[12] See *Strickland*, 466 U. S. at 697 (IV); *Fuller v. State*, 277 Ga. 505, 507 (3) (591 SE2d 782) (2004).

[13] (Punctuation omitted.) *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

[14] (Punctuation omitted.) *Pierce v. State*, 301 Ga. App. 167, 170 (2) (687 SE2d 185) (2009).

client's adamant wish "was unnecessary. I just didn't think there was enough evidence to convict him." Therefore, based on trial counsel's reasoned strategic decision,[15] the record demonstrates that trial counsel exercised reasonable professional judgment in accommodating his client's wishes. That the client in hindsight views this strategy as mistaken does not warrant a new trial, because "this Court will not, with benefit of hindsight, second-guess defense trial strategies therein."[16]

3. McKenney contends that he was denied due process when the State elicited testimony from the employer that McKenney did not work for her until after the attack, which testimony McKenney alleges the State knew or should have known was untrue. We disagree.

The attack occurred on March 22, 2003, and McKenney's employer testified that she had seen McKenney and the victim on March 21 acting "like two people that care for each other." During cross-examination, the State challenged her testimony as follows:

State: [When did McKenney come to work for you?]

Witness: Back in January, February [2003], somewhere along in there.

State: Ma'am?

Witness: Back in January or February when I first met [McKenney].

State: You're not sure of when he came to work for you?

Witness: He came to work for me in April.

State: April, 2003?

Witness: Yes, I think that's when it was.

. . .

State: And just as you don't remember conversations you might have had with people last week, you don't remember details of who you saw and what day a period two years ago, do you ma'am?

Witness: No, not exactly what day it was, no I don't.

State: So it would be a fair statement and you would agree with me that you are subject to being mistaken about details of who you saw on what date, wouldn't you ma'am?

---

[15] See *Holsey v. State*, 291 Ga. App. 216, 220 (3) (a) (661 SE2d 621) (2008) ("It is well established that deciding which defense witnesses to call is a matter of trial strategy and tactics.") (punctuation omitted).

[16] (Punctuation omitted.) *Watkins v. State*, 285 Ga. 107, 110 (3) (b) (674 SE2d 275) (2009). See also *Johnson v. State*, 282 Ga. 235, 236 (2) (647 SE2d 48) (2007) ("'[A] strategic decision does not equate to ineffective assistance simply because [appellant] and his present counsel, with the benefit of hindsight, now question the efficacy of the strategy employed.").

Witness: It's possible.

During closing argument, the State then emphasized the witness's confusion, pointed out that the employer stated that she hired McKenney in April (after the attack), and argued that "her memory's bad. She's trying to help out a friend."

Without citing any legal authority, McKenney argues that this deprived him of due process. He alleges that his true employment date was earlier than April 2003 and that the State intentionally elicited false testimony from the confused witness. However, the lead investigator testified at the motion for new trial hearing that "I've had it said to me so many times since [trial] that [McKenney] worked before or after [the attack], I really don't know when he started working [for the employer]. It was not a fact we ever confirmed or denied." The trial court, as factfinder, was entitled to believe this testimony.[17] Therefore, because "[t]he State, like any other party, has the right to conduct a thorough and sifting cross-examination and to pursue the specifics of a topic the defendant introduced,"[18] McKenney has failed to show how the cross-examination was improper. Accordingly, in the absence of any clear error in the trial court's finding, this enumeration is without merit.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED MARCH 12, 2010 —
RECONSIDERATION DENIED APRIL 2, 2010 — ▮

*Craig T. Pearson*, for appellant.
*Tom Durden, District Attorney, Jon Hope, Assistant District Attorney*, for appellee.

---

[17] See *Ransom v. State*, 297 Ga. App. 902, 906 (2) (a) (678 SE2d 574) (2009) ("As the finder of fact at the new trial hearing, the trial court was entitled to believe [one witness] and disbelieve the [other] witnesses.").

[18] (Punctuation omitted.) *Jackson v. State*, 288 Ga. App. 432, 435 (1) (c) (654 SE2d 232) (2007). See OCGA § 24-9-64.