## A11A0317. BATTISE v. THE STATE.

(711 SE2d 390)

PHIPPS, Presiding Judge.

Marvin Battise, Jr., was convicted of armed robbery. He argues that the evidence was insufficient to authorize his conviction and that he received ineffective assistance of counsel. Finding no merit in Battise's claims, we affirm.

1. When an appellant challenges the sufficiency of the evidence to support the conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[1]

So viewed, the evidence showed the following. Between approximately 5:15 and 5:30 a.m. on August 14, 2007, a restaurant worker was using a pressure washer in the restaurant's lit parking lot. Two men walked into the parking lot; they approached the worker from behind and one said "drop it." The worker turned and saw the men pointing guns at him. One of the men walked toward the worker and ordered the worker to give him his money. He was "up right on [the worker] . . . with the gun . . . pretty much in [the worker's] chest." The two men forced the worker to walk to his truck, from which the worker retrieved some money and gave it to the men. The men then left, and the worker sought help. Later that day, the worker was shown a photographic array from which he identified Battise as the man who had put the gun to his chest. He subsequently made an in-person identification of Battise.[2]

At trial, the worker again identified Battise as the man who had put the gun to his chest. He testified that he looked Battise in the face the "whole time" Battise held the gun to his chest. He also testified that he was able to see both men as he retrieved the money from his truck.

Battise argues that the worker's identification of him as one of the robbers was insufficient to support his conviction, on the ground that the identification was not reliable and was not corroborated by other evidence. But the reliability of that identification was a question for the jury.[3] Moreover, "the testimony of a single witness is generally sufficient to establish a fact, and this includes a victim's uncorroborated identification of an assailant."[4] The worker's testi-

---

[1] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

[2] The trial court denied Battise's motion to suppress the pre-trial identifications, and Battise has not challenged that decision on appeal.

[3] See *Scott v. State*, 297 Ga. App. 577, 580 (677 SE2d 755) (2009); *Wallace v. State*, 289 Ga. App. 497, 499 (657 SE2d 874) (2008).

[4] *Wallace*, supra at 498-499 (citation and punctuation omitted).

mony that Battise was the robber authorized the jury to find Battise guilty of the armed robbery.[5]

2. Battise argues that he received ineffective assistance of counsel. To prevail, he

> must establish, pursuant to *Strickland v. Washington*,[6] that counsel's performance was deficient and that the deficient performance was prejudicial to his defense. . . . In reviewing a trial court's determination regarding a claim of ineffective assistance of counsel, this court upholds the trial court's factual findings unless they are clearly erroneous; we review a trial court's legal conclusions de novo.[7]

We need not address both components of the *Strickland* test if the showing on one is insufficient, and we need not address the components in any particular order.[8]

(a) Battise argues that his trial counsel committed professional error by failing to call Battise's mother as a witness. "The determination of which witnesses to call is a strategic and tactical decision within the exclusive province of the attorney after consultation with the client."[9] "Decisions based on counsel's reasonable trial strategy do not constitute deficient performance, and this [c]ourt does not evaluate trial counsel's tactics and strategic decisions in hindsight."[10] There is a "strong presumption that counsel's performance fell within a wide range of reasonable professional conduct, and that counsel's decisions were made in the exercise of reasonable professional judgment."[11]

Battise testified at the hearing on his motion for new trial that he wanted trial counsel to call his mother to testify that he was at home asleep several hours before the robbery occurred. Battise's mother testified at that hearing that, at 11:45 on the night before the robbery, she saw Battise in bed, apparently asleep; however, she could not testify to his whereabouts at the time the robbery occurred. Battise's trial counsel testified that one reason she did not call his

---

[5] See OCGA § 16-8-41 (a) (a person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon); *Scott*, supra; *Wallace*, supra at 498.

[6] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[7] *Espinosa v. State*, 285 Ga. App. 69, 72 (2) (645 SE2d 529) (2007) (footnotes omitted).

[8] See id.

[9] *Reid v. State*, 286 Ga. 484, 486 (3) (a) (690 SE2d 177) (2010) (citation and punctuation omitted).

[10] *Upton v. Parks*, 284 Ga. 254, 257 (2) (664 SE2d 196) (2008) (citation and punctuation omitted).

[11] *Kendrick v. State*, 287 Ga. 676, 680 (4) (699 SE2d 302) (2010) (citation and punctuation omitted).

mother as a witness was that his mother could not provide an alibi for Battise for the time of the robbery. The trial court was authorized to find that Battise did not meet his burden under the first prong of *Strickland*.[12]

(b) Battise argues that he received ineffective assistance of counsel because his trial counsel did not seek funds for expert witness testimony on the reliability of eyewitness identification, and did not introduce any such expert testimony at trial. But Battise has made "neither a proffer of what the testimony of the expert would have been nor a showing that the trial court would have abused its discretion in denying ... a motion [for funds to hire such an expert]."[13] Consequently, Battise has not shown that he was prejudiced by any trial counsel error in this regard.[14]

*Judgment affirmed. Andrews and McFadden, JJ., concur.*

DECIDED JUNE 8, 2011.

*Richard M. Darden*, for appellant.
*Larry Chisolm, District Attorney, Julayaun M. Waters, Assistant District Attorney*, for appellee.

---

[12] See *Ventura v. State*, 284 Ga. 215, 218-219 (4) (663 SE2d 149) (2008) (appellant did not satisfy either prong of *Strickland* test regarding trial counsel's decision not to call witness, where trial counsel testified at hearing on motion for new trial that he believed witness's testimony would not have been helpful to appellant).

[13] *Holmes v. State*, 295 Ga. App. 192, 193-194 (671 SE2d 236) (2008).

[14] See id. at 194.