A11A0373. BOLTON v. THE STATE.
(714 SE2d 377)

MILLER, Presiding Judge.

A jury convicted Mohammed Leon Bolton of one count of computer pornography and child exploitation ("on-line solicitation") (OCGA § 16-12-100.2 (d) (1)). Bolton appeals, challenging the sufficiency of the evidence and the effectiveness of trial counsel. Finding that the State proved the offense as charged and that counsel did not render ineffective assistance of counsel, we affirm.

The standard of review for sufficiency of the evidence in a criminal case is set out in *Jackson v. Virginia*[, 443 U. S.

---

307 (99 SC 2781, 61 LE2d 560) (1979)]. The relevant question is whether, after viewing the evidence in the light most favorable to the [verdict], any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. In addition, appellant no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses.

(Footnotes omitted.) *McKenney v. State*, 303 Ga. App. 370, 371 (1) (693 SE2d 541) (2010).

So viewed, the evidence shows that on October 25, 2005, an "internet-crimes-against-children" officer employed by the Peachtree City Police Department logged into a website denominated as the "Adult Friend Finder," using the name "Shelby." On that day, Bolton under the user name "I Mean Business," began "messaging" Shelby.

Shelby and Bolton communicated further through MSN's instant messaging program. Thereafter, Bolton messaged Shelby using the user ID "momusic36." In the messaging which followed, Shelby disclosed that she was only 15-years old and sent Bolton a photograph of herself. Bolton questioned Shelby's age based on her photograph, and after an exchange of messages of a sexual nature, asked if she "want[ed] to do it today." Shelby responded that she was unable to sneak away from her aunt, but could meet the next day. Bolton suggested that he could secretly meet Shelby at her house during the night, indicating that "I do it all the time" and "[I] am really [horny], would love to see yo[u] tonight. I promise to be safe. I am an expert." When Shelby resisted the nighttime rendezvous, Bolton responded "[U] asking me to take a risk that I could be locked up for and u can't take this risk." Ultimately, Bolton suggested the Peachtree City Wal-Mart store at 9:00 a.m. and provided Shelby his cell phone number. Shelby stated that she would be waiting in the store's garden area and described the clothes that she would be wearing. As the exchange of messages ended, Bolton told Shelby that he was 19 years old and sent her a sexually explicit photograph. Earlier, he had described himself as a 40-year-old African-American man.

Prior to the meeting, Shelby learned that Bolton was using a computer located at the Harvest International Church in Clayton County. At or about the appointed time, officers observed Bolton drive into the Wal-Mart parking lot. Bolton exited his vehicle, entered and exited the Wal-Mart, and then proceeded to the store's garden area. As Bolton walked past Shelby, who was dressed in the

clothes that she had previously described, Bolton said hello. Other officers entered and took Bolton into custody. As he was being placed in handcuffs, Bolton stated, "I was just going to talk to her." Shelby then dialed the cell phone number that Bolton had provided. Bolton's cell phone rang. Shelby verified that the call she placed from her cell phone had registered to Bolton's cell phone.

1. Bolton contends that his conviction for computer pornography and child exploitation ("on-line solicitation"), OCGA § 16-12-100.2 (d) (1), must be reversed because the State failed to prove the underlying offense of child molestation as set out in the indictment. His contention is without merit.

The indictment charged that Bolton violated OCGA § 16-12-100.2 (d) (1) in that he

> did intentionally and willfully utilize a computer on-line service: to wit: MSN, *to solicit* a person believed by said accused to be a child under the age of [16] to engage in conduct which would constitute a violation of OCGA § 16-6-4 *by enticing* said person to engage in an act of sexual intercourse, contrary to the laws of said State, the good order, peace and dignity thereof.

(Emphasis supplied.) OCGA § 16-12-100.2 (d) (1) pertinently provides:

> It shall be unlawful for any person intentionally or willfully to utilize a computer on-line service or Internet service, including but not limited to a local bulletin board service, Internet chat room, e-mail, on-line messaging service, or other electronic device, *to seduce, solicit, lure, or entice, or attempt to seduce, solicit, lure, or entice* a child or another person believed by such person to be a child to commit any illegal act described in . . . Code Section 16-6-4, relating to the offense of child molestation or aggravated child molestation . . . or to engage in any conduct that by its nature is an unlawful sexual offense against a child.

(Emphasis supplied.)

Relying upon *Selfe v. State*, 290 Ga. App. 857, 861 (1) (660 SE2d 727) (2008), Bolton argues that he could not be convicted of the on-line solicitation offense as charged since there was no evidence of a child molestation, in essence, that the State failed to prove that he and Shelby were in the physical presence of one another when the offense occurred.

*Selfe* is distinguishable based upon the trial evidence presented

in that case. As an initial matter, the indictment in *Selfe* set forth proper allegations to sustain a violation of the on-line solicitation offense. See OCGA § 16-12-100.2 (d) (1); *Selfe*, supra, 290 Ga. App. at 859 (1). Significantly, however, the State's trial evidence only established that the defendant had enticed the person whom he believed to be a 15-year-old girl to watch him masturbate on the internet by use of a webcam. *Selfe,* supra, 290 Ga. App. at 859 (1). The observance of a sexual act via webcam or on the computer did not constitute the child molestation offense as then defined.[1] Accordingly, notwithstanding the allegations of the indictment, the trial evidence failed to show that the enticement was for the underlying purpose of child molestation.[2] See *Selfe*, 290 Ga. App. at 859-861 (1).

Contrary to Bolton's contentions in this case, the rulings in *Vines v. State*, 269 Ga. 438 (499 SE2d 630) (1998), and *Selfe* do not apply here. In *Vines*, the defendant was charged with the crime of child molestation, and therefore, each essential element was required to be proven to sustain the conviction for that particular crime. See OCGA § 16-6-4 (a); *Vines,* supra, 269 Ga. at 438-439. But here, Bolton was charged with the separate and distinct crime of on-line solicitation. See OCGA § 16-12-100.2 (d) (1). And unlike *Selfe*, the underlying purpose of Bolton's solicitation involved an act of sexual intercourse, which would constitute child molestation as alleged in the indictment. See OCGA § 16-6-4 (a) (1).

Although the on-line solicitation crime references child molestation as an *underlying* purpose, the principal act proscribed by the crime is *solicitation* and does not require the accomplishment of an act of child molestation. See OCGA § 16-12-100.2 (d) (1). In this regard, the on-line solicitation offense is substantially similar and analogous to the offense of enticing a child for indecent purposes. See OCGA § 16-6-5 (a). "A person commits the offense of enticing a child for

---

[1] When the decisions in *Vines v. State*, 269 Ga. 438 (499 SE2d 630) (1998), and *Selfe* were rendered, OCGA § 16-6-4 (a) proscribed only one method of committing the child molestation offense, which was by doing "any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 was subsequently amended, effective May 5, 2009, to add paragraph (a) (2), which provides that the child molestation offense is also committed when a person "[b]y means of an electronic device, transmits images of a person engaging in, inducing, or otherwise participating in any immoral or indecent act to a child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." See Ga. L. 2009, p. 729, § 1.

[2] We note that *Selfe* is also factually distinguishable since there was no evidence that the defendant solicited sex from the child. See *Selfe*, supra, 290 Ga. App. at 859 (1). The evidence instead showed that at several points during the on-line conversations, the defendant stated that he would not meet with a 15-year-old girl and that he would "talk s--t about it all day long with [her], but [he] won't lay a hand on [her]." (Punctuation omitted.) Id. Here, on the other hand, Bolton solicited sex from the person whom he believed to be a 15-year-old girl, using sexually explicit terms and asking if she "want[ed] to do it today."

indecent purposes when he or she *solicits, entices*, or takes any child under the age of 16 years to any place whatsoever for the purpose of *child molestation* or indecent acts." (Emphasis supplied.) Id. The statutory language in both OCGA §§ 16-6-5 (a) and 16-12-100.2 (d) (1) similarly proscribe the "solicit[ation]" or "entice[ment]" of a child for the underlying purpose of child molestation. In the context of OCGA § 16-6-5 (a), we have held that a conviction of the offense "need not be based upon evidence that an act of indecency or child molestation was accomplished or even attempted[.]" (Citation and punctuation omitted.) *Lasseter v. State*, 197 Ga. App. 498, 499 (1) (399 SE2d 85) (1990). Rather, the evidence need only show that "an act of indecency or child molestation was the *intended motivation* for the enticement." (Citation and punctuation omitted.) Id. at 499-500 (1). Accordingly, the reference to the underlying child molestation offense is relevant to show the element of intent, not to establish the principal act constituting the crime. Id. Recognizing the distinction, we have further held that child molestation and enticing a child for indecent purposes "are two separate crimes involving different elements, and generally, enticement is completed before child molestation occurs." (Citation omitted.) *Jackson v. State*, 274 Ga. App. 26, 28 (1) (c) (619 SE2d 294) (2005). Notably, the State is not required to separately charge a defendant with the underlying child molestation offense in order to obtain a conviction for enticing a child for indecent purposes. Id. at 27-28 (1) (c).

Based upon the plain language of OCGA § 16-12-100.2 (d) (1) and the allegations of the indictment, the principal act constituting the offense was the use of a computer on-line service or internet service "to solicit . . . or entice" a person who he believed to be a child for the underlying purpose of child molestation. Here, the evidence establishes that Bolton committed the offense by using a computer on-line service to solicit sex from a person who he believed was a 15-year-old girl, an act which would have constituted child molestation. Contrary to Bolton's contentions that there was a fatal variance between the allegations of the indictment and the trial evidence, the evidence set forth above was sufficient to establish his guilt of the on-line solicitation offense as charged. See OCGA § 16-12-100.2 (d) (1). See, e.g., *Dennard v. State*, 243 Ga. App. 868, 876 (1) (e) (534 SE2d 182) (2000) (stating that the Computer Pornography and Child Exploitation Prevention Act, codified at OCGA § 16-12-100.2, created "a new type of crime — i.e., use of a computer for certain sexual purposes — regardless of whether such conduct was proscribed under any other statute"); *Spivey v. State*, 274 Ga. App. 834, 840 (3) (619 SE2d 346) (2005) (ruling that OCGA § 16-12-100.2 (d) (1) proscribes solicitation of a minor to engage in sexual conduct, and "explicitly provides for liability[,] even where there is no child[,] if

the required mens rea exists").

2. Bolton also challenges the effectiveness of trial counsel, arguing that trial counsel failed to request a jury charge on entrapment. Again, we discern no error.

> In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. The criminal defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct.

(Citations and punctuation omitted.) *Robinson v. State*, 277 Ga. 75, 75-76 (586 SE2d 313) (2003). See also *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

> If a defendant fails to prove one prong of this test, the reviewing court need not examine the other prong. . . . [Further,] [i]n reviewing the trial court's decision, we accept the trial court's factual findings and credibility determinations unless clearly erroneous, and we independently apply the legal principles to the facts.

(Punctuation and footnotes omitted.) *Burce v. State*, 299 Ga. App. 849, 849 (683 SE2d 901) (2009).

To establish his claim that trial counsel was ineffective in failing to request a jury charge on the affirmative defense of entrapment, Bolton was required to show that entrapment was raised by the evidence. See *Sanford v. State*, 284 Ga. 785, 788 (3) (671 SE2d 820) (2009) (a jury charge must be supported by the evidence); *Campbell v. State*, 281 Ga. App. 503 (1) (636 SE2d 687) (2006) ("It is reversible error to fail to give an instruction on an affirmative defense supported by the evidence.") (citation omitted). "Entrapment is an affirmative defense that is established by showing that (1) the idea for the crime originated with the State agent; (2) the defendant was induced by the agent's undue persuasion, incitement, or deceit; and (3) the defendant was not predisposed to commit the crime." *Logan v. State*, 309 Ga. App. 95, 97 (1) (a) (709 SE2d 302) (2011). See *St. Jean v. State*, 255 Ga. App. 129, 130 (564 SE2d 534) (2002). And

> [a]s a general rule, in order to raise the defense of entrapment, the defendant must first admit the commission of the

crime and then show that he did so because of the unlawful solicitation or inducement of a law enforcement officer. The rationale for this rule is that it is thought to be factually inconsistent and confusing for a defendant to deny that he committed a criminal act and simultaneously to complain that he was entrapped into its commission. But, if a reasonable inference of entrapment may be drawn by a rational jury from the State's evidence, the defendant is entitled to a jury charge on entrapment unless he has presented evidence of entrapment inconsistent with his denial of the commission of the crime.

(Citations and punctuation omitted.) Id.

Bolton did not admit to his commission of the crime. Nor do we find that the State's case shows any evidence of entrapment. Specifically, the evidence shows: (i) that the notion of meeting for sexual activity originated with Bolton; (ii) that even after Shelby identified herself as 15 years old, Bolton was asking Shelby sexually explicit questions; and (iii) that Bolton was predisposed to commit the crime because he pursued the illicit activity he sought while contemporaneously expressing fear of the potential criminal sanctions he faced.

Under these circumstances, Bolton was not entitled to a jury charge on entrapment. Consequently, counsel's failure to request a jury charge on entrapment was not deficient performance of counsel. See *Harvill v. State*, 296 Ga. App. 453, 456-457 (1) (c) (674 SE2d 659) (2009).

*Judgment affirmed. Ellington, C. J., and Doyle, J., concur.*

DECIDED JULY 13, 2011.

*Mack & Harris, Robert L. Mack, Jr.*, for appellant.
*Scott L. Ballard, District Attorney, Robert W. Smith, Jr., Assistant District Attorney*, for appellee.