**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**May 16, 2012**

# In the Court of Appeals of Georgia

A12A0618. THE STATE v. GRUBE.

MCFADDEN, Judge.

Timothy Harris Grube was indicted for the offenses of attempted child molestation, attempted aggravated child molestation, and computer pornography. After the trial court quashed his first indictment for failing to name the alleged victim of the charged offenses, the state reindicted him for the same offenses, identifying the victim as "Tiffany." Grube filed a special demurrer seeking to dismiss the second indictment, again arguing that the indictment did not sufficiently identify the alleged victim. The trial court granted the special demurrer, and the state appeals. Reviewing the court's ruling de novo, see *State v. Corhen*, 306 Ga. App. 495, 497 (700 SE2d 912) (2010), we find no error. Accordingly, we affirm.

Where, as here, we are reviewing a ruling on a special demurrer before the defendant has gone to trial, then we apply the rule that a defendant who has timely filed a special demurrer is entitled to an indictment perfect in form and substance. See *South v. State*, 268 Ga. App. 110, 110-111 (601 SE2d 378) (2004).

> The true test of the sufficiency of an indictment to withstand a special demurrer is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.

(Citations and punctuation omitted.) *State v. English*, 276 Ga. 343, 346 (2) (a) (578 SE2d 413) (2003).

The indictment in this case charged Grube with computer pornography under OCGA § 16-12-100.2 (d) by,

> between the 9th day of October, 2009, and the 25th day of October, 2009, . . . intentionally utiliz[ing] a computer Internet service to attempt to lure and entice "Tiffany," a person believed by the accused to be a child, to commit child molestation and aggravated child molestation.

It charged Grube with attempting to commit a felony under OCGA § 16-4-1 by,

2

on the 25th day of October, 2009, . . . attempt[ing] to commit the crime of aggravated child molestation in violation of OCGA § 16-6-4 (c), in that the said accused did knowingly and intentionally perform acts which constituted a substantial step toward the commission of said crime in that the accused did engage in explicit communications with "Tiffany," a person the accused believed to be a 14 year old girl, describing his desire to engage in oral sodomy with said 14 year old girl, arranged a meeting with her, and arrived at said meeting place.

Finally, the indictment charged Grube with attempting to commit a felony under OCGA § 16-4-1 by,

on the 25th day of October, 2009, . . . attempt[ing] to commit the crime of child molestation, in violation of OCGA § 16-6-4, in that the said accused did knowingly and intentionally perform acts which constituted a substantial step toward the commission of said crime in that the accused did engage in explicit communications with "Tiffany," a person the accused believed to be a 14 year old girl describing his desire to engage in sexual intercourse with her, arranged a meeting with her, and arrived at said meeting place with condoms.

1. As an initial matter, the state argues that the trial court erred in considering and granting the special demurrer because Grube relied upon facts outside the indictment, namely that the victim was not an actual child but instead was an adult working with law enforcement. The state contends that this turned Grube's motion

into an improper speaking demurrer. See *State v. Givens*, 211 Ga. App. 71, 72 (438 SE2d 387) (1993) (a speaking demurrer is void and should never be sustained). We disagree. "A speaking demurrer is one which alleges some new matter, not disclosed by the pleading (indictment) against which the demurrer is aimed *and not judicially known* or legally presumed to be true." (Citation and punctuation omitted; emphasis added.) Id. In this case, the trial court knew that Grube's alleged victim was an adult (or adults) because the state had stipulated earlier in the proceedings that "she" was an adult working with law enforcement and the trial court had cited to the state's stipulation in an order.

2. Citing *Dennard v. State*, 243 Ga. App. 868 (534 SE2d 182) (2000), the trial court held that Grube's indictment was insufficient to withstand a special demurrer because it did not adequately identify the alleged victim. The state argues that this was error. We find, however, that the trial court's ruling was proper under *Dennard*.

The defendant in *Dennard* was indicted for attempted child molestation, attempted statutory rape, attempting to entice a child for indecent purposes, and attempted sexual exploitation of children in connection with his exchange of messages over the internet with an undercover police officer posing as a minor named "Shari." Id. at 868-869. The trial court denied special demurrers which Dennard had

4

sought to each count on the ground that the indictment did not name the victim of the charged offenses. Id. at 876 (2). We held that the trial court's denial of the special demurrers was error. Id. at 876-877 (2). In doing so, we noted that our "Supreme Court [has] held that '(f)or the protection of the accused it is necessary that, in an indictment for an offense against the person of another, the person injured should be referred to by his correct name, if it be known, or by some name by which he is commonly and generally called.'" Id. at 876 (2) (quoting *Irwin v. State*, 117 Ga. 722 (2) (45 SE 59) (1903)). Although we acknowledged that this rule did not apply if the crime was not an offense against another person – such as soliciting a prostitute (a crime against society) or burglary (a crime against property) – we held that each of the crimes with which Dennard was charged was a crime against a particular person. Id. at 876-877 (2). We concluded that "nothing in the indictment indicates that the intended victim was in fact an undercover officer, as opposed to an actual child. Thus, on its face, the indictment charges Dennard with attempting to commit various crimes against an actual unnamed victim, and nothing in the indictment puts him on notice of who that victim is." Id. at 877 (2).

The state's attempts to distinguish *Dennard* are not persuasive. The state argues that the crimes for which Grube was charged – attempted child molestation, attempted

5

aggravated child molestation, and computer pornography based upon solicitation of child molestation – were not crimes against a particular person but rather crimes against society. But in *Dennard* we held that attempted child molestation and attempted aggravated child molestation *were* crimes against a particular person and required the victim to be identified in the indictment, even where the "victim" was a police officer using a pseudonym. *Dennard*, 243 Ga. App. at 877 (2). We reached the same conclusion in *Dennard* regarding the offense of enticing a child for indecent purposes, id., an offense that is substantively similar and analogous to the computer pornography offense for which Grube was charged. See *Bolton v. State*, 310 Ga. App. 801, 804 (1) (714 SE2d 377) (2011); see also *State v. Brown*, 250 Ga. App. 376, 380 (1) (551 SE2d 773) (2001) (identifying OCGA § 16-12-100.2 as a Code section "directed primarily at prohibiting direct interactions with minor victims located in Georgia").

Alternatively, the state argues that the name "Tiffany" satisfied *Dennard*'s requirement that the victim be identified. We are not convinced, however, that the identification of a crime victim in this manner can sufficiently apprise a defendant of what he must be prepared to meet at trial or show with accuracy to what extent the defendant may plead a former acquittal or conviction. See *English*, 276 Ga. at 346 (2)

6

(a). Instead, this indictment presents the same due process and double jeopardy concerns raised in *Dennard*. See *Sellers v. State*, 263 Ga. App. 144, 146 (587 SE2d 276) (2003) (charging document's identification of child molestation victim solely by initials did not sufficiently identify victim under rule articulated in *Dennard*, because it could refer to any person with those initials). The state's argument that Grube knew who was meant by "Tiffany" relies upon facts outside the face of the indictment.

"Had this case proceeded to trial and verdict under the current indictments, we do not believe that reversal would be necessary due to the failure to name the intended victim, since it is apparent that [Grube] understands the nature of the charges against him based on information gleaned from sources other than the indictment itself." *Dennard*, 243 Ga. App. at 877 (2). At this stage of the proceedings, however, Grube was entitled to an indictment perfect in form and substance. Id. Because this indictment contained inadequate information as to the alleged victim, it was not in perfect form. Id. Accordingly, the trial court did not err in granting Grube's special demurrer and dismissing the indictment.

*Judgment affirmed. Barnes, P. J., and Adams, J., concur.*